ESSEX,
March,
1840.

ADMINISTRATOR OF DAVID HOPKINSON *v*. JAMES STEEL.

In an action against the defendant *alone* for money paid out on a note signed by him and another, such other signer is a competent witness for the plaintiff to prove that he and the defendant were the principals in the note.

*Leading* questions are generally inadmissible on an examination in chief; but this rests in the *discretion* of the court and their course in this respect cannot be revised, *in error.*

That a deposition, in which the parts rejected by the court were not entirely obliterated, went into the possession of the jury is not matter of error; the attention of the county court never having been called thereto and they having made no decision thereon.

THIS was an action of assumpsit in two counts, first a special promise of defendant to indemnify and save plaintiff's intestate harmless from signing a certain note which plaintiff was compelled to pay.

Secondly for money paid, laid out and expended. Plea, the general issue and trial by jury.

On the trial in the county court, the plaintiff offered the deposition of one Jason Sherman, to which defendant objected, for the reason that the questions to the deponent, were leading ones. The court directed certain parts not to be read which are designated by some marks thereon and suffered others to be read which were still objected to. The questions being in the form " was or was not" &c.

It was admitted that said Sherman was a joint signer of said note with the plaintiff's intestate, and the defendant objected to the reading of his deposition on account of his interest in this suit.

The deposition of Sherman tended to prove that he and defendant were joint principals in the note and the plaintiff surety for them. The objection was overruled and the deposition, with the excluded portions marked as before stated, went to the jury.

The jury found a verdict for the plaintiff, and the defendant excepted.

*J. S. Wells,* for defendant, cited, 1 Stark. Ev. 123, 124, 125.

*S. Cushman,* for plaintiff, cited, 1 Stark. Ev. 102 to 104. Roscoe's Ev. 81 to 84. 4 Com. Law R. 163. 10 do. 60. 1 Phil. Ev. 37. 1 Serg. & Raw. R. 36. 1 Stark. Ev. 105. 4 C. L. R. 300. 6 do. 27. 1 Stark. Ev. 119. 10 C. L. R.

480. id. 600. 6 do. 309. Roscoe's Ev. 84. 1 Phil. Ev. 54. Id. 222. Roscoe's Ev. 94. 1 Stark. R. 100. 1 Camp. R. 43. 3 Stark. R. 7. 1 Stark. Ev, 150, 151, 152. 1 Stark. R. 81. 2 Stark. Ev. 757. 1 do. 121. 1 Phil. Ev. 96. 2 Camp. R. 14. 1 Esp. R. 37. 1 Term R. 719, 6 Johns. R. 538. 7 Wend. R. 180. 2 Yeates' R. 39. 7 Bing. R. 362. 8 do. 376. 3 Conn. R. 9. 7 Peters' R. 119. 6 Binney's R. 283. Roscoe's Ev. 1 to 4. 4 Esp. R. 213. 1 East's R. 460. Camp. R. 439.

Essex,
*March,*
1840.

Adm'r of
Hopkinson
*v.*
Steel.

The opinion of the court was delivered by

COLLAMER, J.—Was Sherman a competent witness to testify for the plaintiff as he did. The plaintiff was claiming to have been the surety of Steel, alone, or of Steel and Sherman, as joint principals, and Steel, alone, was sued. Sherman was interested to prove Steel, alone, the principal; but he was called to show he was a joint principal with Steel. This was testifying directly against his interest. Without this showing, the note, paid by the plaintiff, on its face, appeared to be the joint note of the three, and Steel would have been liable to contribution to the plaintiff for one third only. If Steel was only joint surety with the plaintiff's intestate, then he would have been liable for one half, but if Steel was a joint principal with Sherman, he, as well as Sherman, was liable for the whole amount to the plaintiff, and Sherman then liable to Steel for one half. This liability, Sherman's testimony fixed upon himself, and to this he was a competent witness.

Certain questions and their answers, in the deposition of Sherman, were objected to, because the questions were *leading* in their form. As a general rule, leading questions are not to be put, on an examination in chief; and the form, "*did he or did he not,*" does not prevent the question from being a leading one. It is, in substance, but asking, *was it thus?*

The first question in the deposition is clearly *leading*, and if put to a witness on the stand and objected to, it would have been rejected by any judge. But in such case, the enquiry would have been varied and the testimony probably been obtained. But there are many cases where leading questions are admitted, even in an examination in chief; such

Essex,
March,
1840.

Adm'r of
Hopkinson
v.
Steel.

as to an unwilling witness. This rests in the discretion of the court. "It seems that in each particular case it is *in the discretion of the court* to regulate the mode in which a witness in chief shall be examined, in order best to answer the purposes of justice." ( 1 Stark. Ev. 151, note k.) We sit as a court of error, and clearly a matter resting in the judicial discretion of the court below, cannot be assigned for error and be here reversed; and it is believed no adjudged case can be found, where the order or manner of conducting an examination of witnesses has been considered in error. It would lead to endless litigation. It is not, therefore, proper for us, as a court of error, to examine the course taken, in that respect, by the court below, in this case. For myself, I may be permitted to say that there would be much difference between rejecting a question to a witness on the stand, before it was answered, and directing the enquiry in a more proper form, and rejecting it together with its answer in a deposition, and so discarding the whole testimony. Though the court might legally suppress such question and its answer, yet if they saw, from the deposition, that the deposition was not, in fact, biassed or *lead* by the *form* of the enquiry, it would be no bad measure of discretion to admit it.

It is objected that the deposition was admitted to go into the hands of the jury, when that part of it which was actually rejected by the court was not entirely obliterated. The part rejected should be entirely erased, if the paper is admitted to go into the possession of the jury, or the admitted part may be read to the jury, and the paper be withheld from their possession. But that is a matter for the counsel to attend to, at the time, and if necessary, to call the attention of the court to it. But the mere fact that through inadvertence, such a thing happened, is no error in law, no *wrong decision* of the court below to be here assigned for error, unless the court below had their attention drawn to it and actually made an illegal decision, to which exception was taken and the same was inserted in the bill of exceptions, which is not done here. It must be no more than a ground for a motion for a new trial, addressed to the court below.

Judgment affirmed.