## JACKSON, *Complainant, versus* JONES.

In a bastardy process, upon objection to the competency of the complainant as a witness, that she had not remained *constant* in her accusation, and proof offered to sustain it, the question is one of fact to be determined by the presiding Judge, and no *exceptions* lie to his determination.

If such *determination* is erroneous the *only* relief for the respondent is by a motion for a new trial upon the evidence reported.

The case of *Murphy* v. *Glidden,* 34 Maine, 196, doubted.

COMPLAINT under R. S., c. 131, SHEPLEY, C. J., presiding.

After the preliminary evidence was introduced, the complainant was offered as a witness to prove the accusation against the respondent. She was objected to on the ground, that she had not remained constant in such accusation.

Testimony was heard in support of, and opposed to the objection, which is recited in the report, except the cross-examination of one witness, in relation to which the report says, "on cross-examination, not here recited," statements were made by the witness suited to impair the confidence of a tribunal in the credibility of all his statements." The report concludes — "Upon this testimony the complainant was admitted as a witness, and a verdict of guilty was rendered."

If exceptions will lie to such ruling, and that ruling was erroneous, the verdict is to be set aside and a new trial granted.

*Lowell*, for respondent, cited *Murphy v. Glidden*, 34 Maine, 196; *Allen* v. *Westport*, 15 Pick. 35; *Johnson* v. *Johnson*, 3 Metc. 63; *Jones* v. *Huggeford*, 3 Metc. 515; *M'Managill* v. *Ross*, 20 Pick. 99; *Bradford* v. *Paul*, 18 Maine, 30.

*Ruggles & Gould*, for complainant, cited R. S., c. 97, § 18; *Fletcher* v. *Clark*, 29 Maine, 485; *Bradford* v. *Paul*, 18 Maine, 30; *Page* v. *Smith*, 25 Maine, 256.

CUTTING, J. — By R. S., c. 131, § 8, the complainant is made a competent witness, provided it shall first be made to appear to the Judge, that she had previously made her accusation to, and been examined on oath by the magistrate, respecting the person accused, and the time and place, as correctly as could be described, when and where the child was begotten, and such other circumstances as might be deemed useful to the discovery of the truth; and being put upon the discovery of the truth, respecting the same accusation at the time of her travail, shall have thereupon accused the same man with being the father of the child, of which she was about to be delivered, and had continued constant in such accusation. Evidence appears to have been introduced sufficient to enable the complainant to go upon the stand as a witness, when objection was made to her competency, because, as it was contended, she had not remained constant in such accusation, and testimony tending to show

Jackson *v.* Jones.

that fact was introduced by the defendant. This issue then became a question of fact to be heard and determined by the presiding Judge; and being found in favor of the complainant, she was permitted to testify; to which *finding* the defendant has filed his exceptions; and the principal question is, whether they were properly taken.

The statute of 1852, c. 216, § 8, gives this Court, sitting as a court of law, no jurisdiction, except in certain specified cases, among which are " all questions of law arising on reports of evidence, exceptions, agreed statement of facts, cases in equity, and in all cases, civil or criminal, where a question of law is raised." The question before the Judge, being one purely of fact and not of law, his decision is final and conclusive, and exceptions do not lie. If otherwise, it is difficult to perceive how we could come to a different conclusion, since it appears that all the testimony upon that point has not been reported.

But perhaps it may be urged, that the Judge made no decision upon the question of fact, and to that point may be cited *Murphy* v. *Glidden,* 34 Maine, 196. Whatever may be the force of that authority, in that particular case, as to the ruling of the District Judge, under the then existing law, upon the evidence as there reported, we think in this case the question of fact was distinctly raised and decided. An issue had been made as to the complainant's admissibility, and evidence, *pro* and *contra,* had been introduced, and it is found, that " upon this testimony the complainant was admitted as a witness." Besides, it is inferable that the exceptions are not taken to the mode and manner or particular form of the decision, but because it was against the evidence or the weight of evidence, in which event the defendant could avail himself of the error only under § 8, before cited, on motion for a new trial, " upon evidence reported by the presiding Justice." *Exceptions overruled, and*
*Judgment on the verdict.*

TENNEY, RICE and APPLETON, J. J., concurred.