[No. 20254. In Bank. — February 18, 1887.]

## THE PEOPLE, RESPONDENT, *v.* STEIN CLARY, APPELLANT.

CRIMINAL LAW — LEADING QUESTION — DISCRETION. — In a criminal prosecution, it is not an abuse of discretion for the court to permit leading questions to be asked on the direct examination of a witness who is unfamiliar with the English language, and who had previously testified in substance to the facts embodied in the questions.

ID. — ROBBERY — LARCENY — INSTRUCTIONS — UNPREJUDICIAL ERROR. — In a prosecution for robbery, the court in charging the jury as to the distinguishing features between the crimes of larceny and robbery, stated that the taking from the person of another necessary to constitute grand larceny must be "forcible" and "violent." In other portions of the charge, the features distinguishing the crimes were correctly stated. The defendant was convicted of robbery. *Held,* that the instruction was without prejudice to the defendant, because its only tendency was to induce the jury to convict of the lesser crime of larceny.

ID. — IMPRISONMENT — EXCESSIVE PUNISHMENT. — Under the circumstances of the case, a judgment imprisoning the defendant for fifty years, *held,* not excessive.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*John D. Whaley,* for Appellant.

*Attorney-General Johnson,* for Respondent.

SEARLS, C. — The defendant was convicted of the crime of robbery, averred to have been perpetrated at the city and county of San Francisco, by forcibly, violently, etc., taking from one Maria Schaefer the sum of five hundred dollars.

At the trial the prosecuting witness, Maria Schaefer, had detailed the particulars of having drawn money from the Hibernia Bank in the presence of defendant, of her placing it in a satchel, and she related how she went to Silver Street by the street-cars; how defendant followed

and knocked her down; how she held to the satchel, and he struck her again and got the satchel containing the money from her.

Thereupon the court, against the objection of defendant, permitted the prosecution to put the following question:—

" Q.—It was taken from you against your will, was it?

" Yes, sir."

And the further question, as follows:—

" Q. — And by means of this force ?

" A. — He took it with force."

The examination of a witness in the trial of a cause is a matter committed to the sound discretion of the court, and in the exercise of that discretion leading questions may be permitted or denied.

It is apparent from the testimony of the witness that she was a foreigner who did not speak the English language with fluency. Under such circumstances, and in view of the fact that the witness had in substance stated the facts embodied in the questions put by the prosecution, there was no abuse of discretion by the court in permitting the questions. (Code Civ. Proc., secs. 2044–2046; *Moran* v. *Abbey*, 63 Cal. 56; *Green* v. *Gould*, 3 Allen, 466; *Hopkinson* v. *Steel*, 12 Vt. 582; *Parsons* v. *Huff*, 38 Me. 187.)

It is next contended that the court erred in its charge to the jury, in defining the crime of larceny and in noting the features which distinguish that crime from robbery.

The jury was first instructed as to what constitutes robbery; in which the essentials requisite to that offense, including the force or fear necessary, were set out at length.

The court then defined grand larceny and petit larceny substantially in the language of the Penal Code.

Subsequently, in defining the felonious taking of property from the person as constituting grand larceny, the

court said: "Any stealing or taking from the person felo-
niously and violently, and with the intent to deprive the
owner of it, is grand larceny, providing the property has
some fixed value. As I said a moment ago, the forcible
and felonious taking from the person of another of one
dollar is just as much grand larceny as if it were one
thousand dollars."

It will be observed that the court was here impressing
upon the minds of the jurors a specific fact, viz., that lar-
ceny committed by the felonious taking of property
from the person of another was grand larceny, without
reference to the value of the property taken.

In doing so, he inadvertently, as we suppose, used the
terms "forcible" and "violently," terms properly appli-
cable in defining robbery, but not necessary to consti-
tute larceny.

The court later on in its instructions again defined
the difference between robbery and larceny quite dis-
tinctly, and while the definitions hereinbefore quoted
were not technically correct, yet we cannot see that the
defendant was injured thereby.

He was convicted of robbery.

Robbery is larceny, with the element of force or in-
timidation added.

The tendency of the instruction objected to, if indeed
it tended to mislead the jury, which we think improb-
able, could only be to induce them to find the defendant
guilty of the lesser crime of larceny rather than of rob-
bery, with which he was charged in the information.

The crime with which defendant was charged was a
grave offense.

The manner of its execution was peculiarly outrageous;
and while the judgment of imprisonment for fifty years
was exemplary, we do not find therein any cause for
which we can reverse the judgment.

The judgment and order appealed from should be
affirmed.

Foote, C., and Belcher, C. C., concurred.

The Court. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.