[Crim. No. 1184.  Department One.—January 11, 1905.]

# THE PEOPLE, Respondent, v. CHARLES CLARK, Appellant.

CRIMINAL LAW — INSTRUCTIONS — CIRCUMSTANTIAL EVIDENCE — DIRECT EVIDENCE.—Where there was direct evidence that the defendant committed the crime charged the court properly refused a requested instruction assuming that the case was one of circumstantial evidence.

ID.—HYPOTHESIS OF INNOCENCE—REASONABLE DOUBT.—The jury were properly instructed that in considering the evidence, if they could reasonably account for any fact in the case upon a theory or hypothesis which will admit of defendant's innocence, it was their duty to do so, and if they have a reasonable doubt of his guilt, they should acquit the defendant. The court properly refused an instruction that the jury might reject any theory or supposition on which the evidence might point to defendant's guilt, "even though such theory may be more reasonable and much more probable than the one which admits of his innocence."

ID.—GRAND LARCENY—JOINT CHARGE—INSTRUCTION PROPERLY REFUSED.—Where defendant and another were jointly charged with grand larceny, and the evidence tended to show that the larceny was the result of their joint efforts, it was proper to refuse a requested instruction to the effect that unless the jury were satisfied beyond a reasonable doubt that the defendant, and not some one else, took and carried away the money from the person of the prosecuting witness, as alleged in the information, they could not find the defendant guilty. Such instruction would mislead the jury.

ID.—INSTRUCTION AS TO ACQUITTAL—PHASE OF EVIDENCE.—A requested instruction, stating in effect that a verdict of acquittal should be rendered on a certain phase of the evidence, regardless of whatever else might be developed in the case, was properly refused.

ID.—GRAND LARCENY INCLUDED IN ROBBERY—DISTINCTION—REFUSAL OF REQUEST NOT PREJUDICIAL.—Robbery includes grand larceny, and, under a charge of grand larceny, the defendant could not be acquitted though the evidence shows robbery; and he could not be prejudiced by the refusal of a requested instruction distinguishing between grand larceny and robbery.

ID.—PETIT LARCENY—OMISSION OF FORM OF VERDICT.—The defendant cannot complain of the omission to give the jury a form of verdict permitting them to find him guilty of petit larceny where he did not request an instruction that he might be so convicted, and where it appears that he was guilty of grand larceny from the person if he was guilty of anything. The natural presumption is, that the jury, unless satisfied beyond a reasonable doubt of the offense

of grand larceny, would perform their duty and acquit him altogether.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. B. N. Smith, Judge.

The facts are stated in the opinion.

Emmet H. Wilson, for Appellant.

U. S. Webb, Attorney-General, and J. C. Daly, Deputy Attorney-General, for Respondent.

GRAY, C.—Defendant was convicted of grand larceny, and appeals from the judgment and from an order denying him a new trial.

1. He complains of the refusal of the court to give one of his requested instructions, commencing as follows: "In order to convict the defendant on circumstantial evidence it is necessary," etc. This instruction assumes that a conviction, if had, must necessarily be based on circumstantial evidence. At the same time appellant concedes in his brief that there was direct evidence that defendant committed the crime charged, in the testimony of the complaining witness, Caler. Therefore, this cannot properly be called a case of circumstantial evidence, and the court rightly refused an instruction assuming that it was such a case. (*People* v. *Lonnen,* 139 Cal. 634; *People* v. *Burns,* 121 Cal. 529.)

2. That part of requested instruction No. 4, which was to the effect that the jury might reject any theory or supposition on which the evidence might point to defendant's guilt, "even though such theory may be reasonable and much more probable than the one which admits of his innocence," was properly refused and stricken out. The instruction on that subject given to the jury reads as follows: "In considering the evidence if you can reasonably account for any fact in this case upon a theory or hypothesis which will admit of the defendant's innocence, it is your duty under the law to do so, and if you have a reasonable doubt of his guilt, you should acquit him." This was a proper instruction on the subject, and as full and favorable to defendant as he could reasonably ask.

3. The court refused the request of defendant to instruct as follows: "Unless there is evidence in this case to justify the conclusion beyond a reasonable doubt that the defendant and not some one else took and carried away the money from the person of the prosecuting witness, as alleged in the information, you cannot find the defendant guilty." This instruction was properly refused for the reason that the information charged the defendant and one Perry jointly with the crime in question, and the evidence tended to show that the larceny was the result of their joint efforts. It would mislead the jury in such a case, and it would be improper to tell them in effect that they could not find the defendant guilty unless they were satisfied that he committed the crime alone. The refused instruction might be understood as above indicated, and was therefore properly refused.

4. Requested instruction No. 9 was properly refused because it stated in effect that a verdict of acquittal should be rendered on a certain phase of the evidence regardless of whatever else might be developed in the case.

5. The defendant was in no way injured by the refusal of the court to give the requested instruction distinguishing between grand larceny and robbery. The defendant was charged with larceny from the person, and was not charged with robbery. He could not be acquitted of larceny if the jury were satisfied beyond a reasonable doubt that the facts showed him guilty of robbery, because "it is settled law that robbery involves grand larceny." (*People* v. *Church,* 116 Cal. 303.) "Robbery is larceny, with the element of force or intimidation added." (*People* v. *Clary,* 72 Cal. 61.) The doctrine is well settled that a defendant cannot complain because the information and the instructions of the court confine his conviction to the lesser crime included within what the evidence might otherwise warrant the jury in finding to be a greater crime. (*People* v. *Muhlner,* 115 Cal. 303; *People* v. *Clary,* 72 Cal. 61.) It would have been a vain thing for the court to define robbery and state its various elements in a case where the information would not admit of a conviction of robbery. The court did very distinctly and plainly give to the jury the elements of grand larceny, and that was all that was necessary in a distinctly grand larceny case.

6. The defendant complains that the court failed to give

the jury a form of verdict permitting them to find him guilty of petit larceny. There is no reasonable ground upon which a defendant can be heard to complain that the action of the trial court has prevented his conviction of any particular crime either great or small. His plea of not guilty shows that he does not desire to be convicted of anything embraced in the information. It will not be presumed for a moment that the jury will do so base a thing as to convict of the higher offense because they are not permitted to convict him of the lesser; but on the contrary the natural presumption is, that unless they are satisfied beyond a reasonable doubt of his guilt of the higher offense they will perform their duty and acquit him altogether, even though they be satisfied that he is guilty of the lesser offense. "The error then, if any was committed, was favorable to defendant, and the case should not be reversed on account of it." (*People* v. *Lopez,* 135 Cal. 25.) Besides, defendant did not request an instruction that he might be convicted of petit larceny, and, further, was guilty of larceny from the person, or grand larceny, if he was guilty of anything. (*People* v. *Bailey,* 142 Cal. 434; *People* v. *Keith,* 141 Cal. 690.)

7. There is no merit in the contention that the evidence fails to support the verdict.

The judgment and order should be affirmed.

Cooper, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Van Dyke, J., Angellotti, J., Shaw, J.