[Crim. No. 841. Second Appellate District, Division Two.—February 11, 1922.]

## THE PEOPLE, Respondent, v. R. MINAMINO, Appellant.

[1] CRIMINAL LAW—ASSAULT WITH INTENT TO MURDER—PRESENCE OF DEFENDANT AT HOME OF COMPLAINING WITNESS — MOTIVE — EVIDENCE.—In a prosecution for assault with intent to murder committed when the complaining witness returned to his home and found the defendant there, the defendant having testified that he went there to remove a misunderstanding existing between himself and the wife of the complaining witness, the prosecution is properly permitted in rebuttal to show, as bearing on the question of motive, that the defendant had endeavored to induce the wife of the complaining witness to leave her husband and go with him and in this attempt had, among other things, threatened to kill her if she did not accede to his demands.

[2] ID.—THREATS AGAINST DEFENDANT—JUSTIFICATION FOR CONDUCT—INSTRUCTIONS.—In this prosecution for assault with intent to commit murder, defendant's requested instruction to the effect that the defendant had a right to take into consideration threats made against him by the complaining witness or others acting in conjunction with him, and that he had a right to take these threats into consideration at the time of the shooting, and that the jury must consider them in determining whether or not the

appearances were such as to justify the defendant as a reasonable man in believing that he was about to suffer death and great bodily harm at the hands of the complaining witness or those acting in concert with him, was properly refused, the principle of law therein stated having been given to the jury in another part of the charge.

[3] ID.—FLIGHT OF DEFENDANT—CONSCIOUSNESS OF GUILT—INSTRUCTIONS.—As consciousness of guilt must exist in the mind of one who has committed any crime involving specific intent, regardless of whether or not the person is aware that he has been charged with crime, in a prosecution for assault with intent to commit murder it is proper to charge the jury that the "flight of a person immediately after the commission of a crime, or after a crime has been committed with which he is charged, is a circumstance to be weighed by the jury as tending in some degree to prove a consciousness of guilt, and is entitled to more or less weight according to the circumstances of the particular case," without requiring the jury to find that the defendant knew when he fled that he was charged with having committed the crime.

[4] ID.—FORM OF VERDICT — LESSOR OFFENSE — FAILURE TO REQUEST INSTRUCTION.—In a prosecution for assault with intent to commit murder, the defendant cannot on appeal predicate error on the failure of the trial court to submit to the jury a form of verdict finding the defendant guilty of assault with a deadly weapon, where he did not request the trial court to instruct the jury as to the form of the verdict which they should use in case they should find the defendant guilty of such an assault.

[5] ID.—DEGREE OF CRIME—FORM OF VERDICT—INSTRUCTIONS.—In this prosecution for assault with intent to commit murder, the trial court having fully instructed the jury that they could not find defendant guilty as charged unless they found as a fact beyond a reasonable doubt that the defendant at the time of the assault intended to kill and murder the complaining witness, and in another instruction having informed them that the crime of assault with a deadly weapon was included in the charge of assault with intent to commit murder and under what circumstances they might find defendant guilty of the lesser offense, the failure of the trial court to mention the form of verdict that might be used in case the defendant should be found guilty of the lesser offense could not have prejudiced the defendant.

[6] ID.—INTENT—EVIDENCE—INSTRUCTIONS.—In a prosecution for assault with intent to commit murder, instructions that a person "must be presumed to intend to do that which he voluntarily and willfully does in fact do, and must also be presumed to intend all the natural, probable and usual consequences of his own acts," and that "the intent or intention with which an act is done is

manifest by the circumstances connected with the offense and the sound mind and discretion of the accused," are not inconsistent with an instruction that "the intent to kill and murder must be proven from the evidence as a fact" in order to convict the defendant of the crime.

APPEAL from a judgment of the Superior Court of Los Angeles County. Russ Avery, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. Marion Wright for Appellant.

U. S. Webb, Attorney-General, Arthur Keetch, Deputy Attorney-General, and John W. Maltman, for Respondent.

CRAIG, J.—The defendant was convicted of assault with intent to commit murder as charged in the information. From a judgment and order denying his motion for a new trial this appeal has been taken. The facts, in so far as they affect the issues here involved, are as follows:

On the sixteenth day of December, 1920, the defendant visited the residence of the complaining witness, who was absent but whose wife was at their home. Later the complaining witness, K. Ozawa, returned and found the defendant and Mrs. Ozawa. A conversation was held having to do with the relation of Mrs. Ozawa and the defendant. According to the people's witnesses, Ozawa ordered the defendant to leave the house and the defendant fired shots at the complaining witness. Two of these struck him. The defendant and Ozawa both went out of the house and the defendant fired further shots, but these did not strike Ozawa.

The defendant denied shooting Ozawa and claimed that he was the one who was attacked and that the shots were fired in a struggle, but denied that the revolver was at any time in his hands. The evidence of the Ozawas sustains the jury in returning a verdict of "guilty of assault with intent to commit murder."

[1] The defendant testified as an explanation of his being at the Ozawa home that he went there to remove a misunderstanding existing between Mrs. Ozawa and himself. In deciding whether the Ozawas version of the affair was

the truth or that stated by the defendant, and especially
as to his claim that he was attacked by the complaining
witness and his wife, it was important that the jury deter-
mine for what purpose defendant came to the Ozawa home.
It is quite possible that, where the participants and only
persons having first hand knowledge of the encounter flatly
contradict one another, the element of motive might, in the
mind of the jury, be determinative in deciding where lay
the truth in the whole matter. The defendant evidently re-
garded this as important for he carefully explained to the
jury his purpose in going to Ozawa's residence.

The contentions of the defendant in this appeal have to
do with alleged error in the introduction of evidence having
a bearing on the question of motive and the refusing and
giving of certain instructions. The district attorney at-
tempted to show that the defendant had endeavored to in-
duce Mrs. Ozawa to leave her husband and go with him and
in this attempt had, among other things, threatened to kill
her if she did not accede to his demands. During the tak-
ing of testimony on the people's case in chief, the court
sustained objections to questions calling for answers of this
character. Regardless of whether or not they were then
proper, when the defendant took the stand and told his
story they became so as cross-examination. At this time
the objections of the defendant were overruled. Later Mrs.
Ozawa was produced as a witness and in rebuttal testified
to the threats of the defendant which he had denied and
which according to her testimony were made in an endeavor
to induce her to leave her husband and enter into unlawful
relations with the defendant. We think this evidence was
clearly admissible.

Appellant insists that there was no ground upon which
the district attorney had the right to ask the following ques-
tions:

"Q. 'Now, did this conversation occur—did you on that
occasion or did the defendant on that occasion ask you to
have unlawful relation with him, and threaten you, to kill
you, if you did not have that relation with him, with this
revolver that you have previously testified to?' "

"Q. 'You had been to see Mrs. Ozawa on a great many
occasions in Mr. Ozawa's absence before the last of Novem-
ber, hadn't you?' "

Common observation teaches that a man who has sustained or attempted to sustain unlawful relations with another's wife may be expected to entertain ill will and perhaps hatred toward the husband. If the motive which actuated the defendant was a proper question for the jury to consider, surely these questions and the answers elicited by them were entirely proper to show motive on the part of the defendant. The court instructed the jury, presumably at defendant's request and, at any rate, without his objection, that if the evidence fails to show motive on the part of the accused to commit the crime charged, this is a circumstance in favor of the defendant's innocence and is to be weighed carefully by the jury in connection with the other evidence in making up the verdict. This statement of law is elementary and it is equally so that evidence tending to show motive upon the part of the accused to commit the crime charged is competent and relevant in a case of this character. [2] Appellant insists that the court erred in refusing to give an instruction requested by the defendant to the effect that the defendant had a right to take into consideration threats made against him by the complaining witness or others acting in conjunction with him; that he had a right to take these threats into consideration at the time of the shooting and that the jury must consider them in determining whether or not the appearances were such as to justify the defendant as a reasonable man in believing that he was about to suffer death and great bodily harm at the hands of the complaining witness or those acting in concert with him. The principle of law stated in this instruction was given to the jury in another part of the charge where the jury was told that "In arriving at a conclusion as to whether appearances to the defendant at the time of the assault were such as to lead a reasonable man to believe that he was about to suffer death or great bodily harm at the hands of the persons assaulted, you should view the circumstances and appearances from the standpoint of the defendant, and take into consideration all the facts that have been testified to, that may actually have influenced him in his belief, such as the attitude and manner and *threats made by the person assaulted against the defendant, if any have been proven;* the dangerous violent character of the said person assaulted, if such has been proven; the size and

strength of said persons assaulted, and all other facts and circumstances in evidence which would tend to raise a reasonable fear in the mind of the defendant as a reasonable man.'' (Italics ours.)

[3] The court also gave this instruction: ''The flight of a person immediately after the commission of a crime, or after a crime has been committed with which he is charged, is a circumstance to be weighed by the jury as tending in some degree to prove a consciousness of guilt, and is entitled to more or less weight according to the circumstances of the particular case.'' It is claimed that this instruction should not have been given unless the court had further informed the jury that they might consider flight as indicative of consciousness of guilt where it is shown that the defendant knew when he fled that he was charged with having committed a crime. Consciousness of guilt must exist in the mind of one who has committed any crime involving specific intent, regardless of whether or not the person is aware that he has been charged with crime. We think the instruction given was a proper one. There is nothing in the case of *People* v. *Murphy*, 53 Cal. App. 474 [200 Pac. 484], to the contrary. In that case the court held that the evidence showed that the defendant had knowledge that he was charged with the crime in question and therefore was not prejudiced.

[4] Another instruction pointed out as erroneous is the following: ''Upon retiring to the jury-room you should select one of your number to act as a foreman or forewoman, and when twelve of your number have agreed upon a verdict, you will return to the court and announce your verdict. If your general verdict shall be in favor of the People of the State of California, then it should read as follows: 'We, the jury in the above-entitled action do find the defendant guilty of assault with intent to commit murder as charged in the information.' If your general verdict should be in favor of the defendant, it should read as follows: 'We, the jury in the above-entitled case, find the defendant not guilty.' '' It will be noted that the instruction complained of expressly referred to a ''general'' verdict only. This ''imports a conviction or acquittal of the offense charged in the indictment.'' (Sec. 1151, Pen. Code.) But appellant complains that this instruction makes no mention of

the form of the verdict which the jury may use should it find the defendant guilty of assault with a deadly weapon.

It does not appear that the defendant requested the court to instruct the jury as to the form of the verdict which they would use in case they should find the defendant guilty of assault with a deadly weapon. Therefore, he cannot complain that such instruction was not given. (*People* v. *Franklin,* 70 Cal. 641 [11 Pac. 797]; *People* v. *Clark,* 145 Cal. 727 [79 Pac. 434].)

[5] Further, the instruction under consideration was one concerning the form of the general verdict to be used. Where, as in the instant case, the court fully instructed the jury that it could not find defendant guilty as charged unless it found as a fact beyond a reasonable doubt that the defendant at the time of the assault intended to kill and murder the complaining witness, the failure of the court to mention the form that might be used in case the defendant should be found guilty of the lesser offense of assault with a deadly weapon cannot have prejudiced the defendant. The court's charge elsewhere explained the law on the doctrine of reasonable doubt and the presumption of innocence. In another instruction the jury had been informed that the crime of assault with a deadly weapon was included in the charge of assault with intent to commit murder and under what circumstances the jury might find the defendant guilty of the lesser offense. We cannot assume that the jury would disregard these instructions, but it is only fair to suppose that they would follow them and, unless convinced beyond a reasonable doubt of the defendant's guilt of the higher offense, they would acquit him altogether. (*People* v. *Clark, supra.*) If error were committed it was favorable to the defendant. (*People* v. *Clark, supra,* and *People* v. *Lopez,* 135 Cal. 25 [66 Pac. 965].) However, we hold that no error has been shown.

[6] Finally, appellant urges that certain instructions on the presumptions and proof necessary to show intent were conflicting and that two of them were erroneous.

The following instruction is admitted to have been a correct statement of the law: "You are instructed that the defendant, R. Minamino, is charged with committing an assault with a deadly weapon upon one K. Ozawa. In order to convict the defendant of this crime it must be proven

beyond a reasonable doubt that at the time the assault was made upon K. Ozawa, if you find there was such an assault made, the defendant intended to kill and murder said K. Ozawa, and this intent to kill and murder must be proven from the evidence as a fact, and that this intent existed at the time of said assault, if you find that the defendant did assault said K. Ozawa.''

The instructions said to be inconsistent with the one last quoted are: ''A person must be presumed to intend to do that which he voluntarily and willfully does in fact do, and must also be presumed to intend all the natural, probable and usual consequences of his own acts.'' And ''the court further instructs the jury that the intent or intention with which an act is done is manifest by the circumstances connected with the offense and the sound mind and discretion of the accused. All persons are of sound mind who are neither idiots nor lunatics or affected with insanity.''

We find no error in the giving of these instructions. The principles announced by them are not subject to dispute. Counsel has mistaken their application. They do not purport to refer to the specific intent which is an element of the offense charged. By the first instruction quoted upon this phase of the case the court excluded them from consideration in this regard. But the jury must weigh all of the evidence before them and in performing that duty were required to determine the intent with which many acts were done by the various parties who participated in the altercation under investigation. The charge in this regard is entirely consistent and correct.

The defendant was fairly tried and was found guilty as charged upon evidence fully sufficient to sustain the verdict.

The judgment and order appealed from are affirmed.

Finlayson, P. J., and Works, J., concurred.