[Crim. No. 3850. In Bank.—April 29, 1936.]

THE PEOPLE, Respondent, v. FRANCISCO MURGUIA, Appellant.

Gregory P. Maushart and Francis W. Murphy for Appellant.

U. S. Webb, Attorney-General, and Ralph H. Cowing, Deputy Attorney-General, for Respondent.

CONREY, J.—"The defendant appeals from a judgment of conviction of murder of the second degree and from order denying his motion for new trial. It was admitted by the defendant, and proved by the only eye-witness to the offense, that defendant killed the deceased, Martinez, by shooting him in the head. The defendant took the stand and testified that he and Martinez had been playing poker with some other Mexicans; that he and Martinez got into a quarrel over the game, and Martinez cursed him and called him a vile name. He remonstrated, and Martinez invited him outside. They did not go out immediately, but did so after a short time, defendant going first and Martinez following him. When they got outside, the defendant testified, Martinez started toward him with a knife; that he, the defendant, warned him not to come closer, and fired two shots from a revolver into the ground; that Martinez still advanced with a knife in his hand, whereupon he fired a third shot, this one at Martinez, hitting him in the temple. The defendant then

started away from the scene, but was brought back, unresisting, by the only person who witnessed the shooting, and who, as a witness for the defense at the trial, corroborated the defendant's testimony.''

■ ''Complaint is made by appellant that the trial court gave to the jury an instruction on flight by one who has committed a crime. The complaint has little merit. After shooting Martinez, the defendant had walked some sixty or seventy feet from where the body of the deceased lay when he was stopped and brought back to the spot by the man who had witnessed the shooting. While it is true the defendant had not gone far from the immediate scene of the crime, we are of the view that the case is well within the line of the decisions of this court in *People* v. *Erno,* 195 Cal. 272, 281 [232 Pac. 710] , and *People* v. *Minamino,* 56 Cal. App. 386, 391 [205 Pac. 463]. Immediate flight, in the absence of any accusation—in advance, perhaps, of the probability of an accusation, formal or informal—may afford persuasive evidence of a consciousness of guilt. (See *People* v. *Erno, supra.*) In this case, the defendant had killed the deceased. No other inference can be reasonably drawn from the record than that he knew he would be charged with the crime. The defendant was, therefore, not prejudiced by the giving of the instruction.''

■ ''The defendant had no license or permit to carry a pistol, as is required by the act to control and regulate the possession of pistols, revolvers and other firearms capable of being concealed upon the person (Stats. 1923, p. 695). The court charged the jury as follows: 'You are instructed that section 3 of the act of the legislature of the state of California entitled ''An Act to control and regulate the possession, sale and use of pistols, revolvers and other firearms capable of being concealed upon the person . . . '', approved June 13, 1923, Statutes of 1923, p. 695, as amended, reads in part as follows: ''In the trial of a person charged with committing or attempting to commit a felony against the person of another while armed with any of the weapons mentioned in section one hereof, or while armed with any pistol, revolver or other firearm capable of being concealed upon the person, without having a license or permit to carry such firearms as hereinafter provided, the fact that he was so armed shall be *prima facie* evidence of his intent to commit such felony.''

Therefore, if you find from the evidence that the defendant was at the time of the killing of the said Aristeo (Aristideo) Martinez armed with a pistol or revolver and did not have a license to carry such pistol or revolver, then, the fact that he was so armed and did not have such license is *prima facie* evidence· that he intended to kill and murder the said Aristeo (Aristideo) Martinez.' ''

The foregoing paragraphs are quoted from the former decision of this court, rendered in this case prior to the order granting the present rehearing. Assuming, without deciding, that the evidence was sufficient to support the verdict, it is at least equally true that the evidence would have been sufficient to sustain a verdict of not guilty. In other words, the jury might well have found a justifiable killing by the defendant in defense of his own life; and therefore, if the instruction hereinabove set forth is erroneous, the error in giving it to the jury was prejudicial and should entitle defendant to a reversal of the judgment.

It is a conceded fact that the defendant, at the time and place of the occurrence now under review, was carrying on his person the pistol with which the shooting was done, and that he did not have a license to carry such weapon. If the statute simply provided for licenses or permits to carry such weapons, and prohibited persons from carrying them without license, and did not undertake to enact a rule of evidence governing cases of this kind, a court would have no hesitation in deciding that the mere absence of a license to carry the weapon is a fact entirely unrelated to the question of the intent with which the possessor of the weapon used it in the shooting of another person. It follows that the rule announced in the instruction, to be valid at all, must derive its force exclusively and solely from the legislative will as enacted in the statute. ■ We need not follow counsel in their learned discussions concerning the right of the legislature to enact rules of evidence. That power has been extensively assumed and exercised, with the concurrent approval of the courts. But it is not based upon any unlimited legislative authority. The courts, as custodians of the judicial powers of government, are not obliged to enforce a statute which through a rule of evidence arbitrarily deprives a litigant of his rights, or which permits a defendant to suffer conviction without due process of law. Under this statute it

appears that a defendant armed with a pistol or revolver and not having a license therefor is not only *prima facie* guilty of intent to commit the felony charged against him, but that it is not even necessary to prove that the weapon was used by him in making the alleged assault. The words "*prima facie* evidence of his intent to commit such felony" are somewhat uncertain in their meaning. But if they are to have any effect at all, it is reasonable to assume that they refer to evidence sufficient in itself to stand as proof of the fact of intent, i. e., the fact of intent of the defendant, in this case, to kill and murder his opponent, the deceased.

The arbitrary character of the instruction is provable by mere inspection of the statute from which the instruction was derived. It is only when a person is "charged with committing or attempting to commit a felony *against the person of another*" that the fact of his being (without license) armed with the described weapon becomes *prima facie* evidence of his intent to commit such felony. So if the defendant here had been charged with the commission of a crime against property—larceny or burglary, for instance—the fact that he was then and there (without license) armed with a pistol would not be evidence of his intent to commit the larceny or burglary. Indeed, under the terms of this statute, if the evidence were to the effect that a killing was done with a sword or with a club six feet long, then the mere fact that at the same time the defendant (without license) had a pistol in his pocket, would by the statute be made *prima facie* evidence of his intent to kill with the sword or with the club.

For the reasons above set forth, we are of the opinion that the court erred in giving the said instruction and that such error was so far prejudicial that the conviction amounted to a miscarriage of justice.

The judgment is reversed and the order denying motion for new trial is reversed.

Thompson, J., concurred.

CURTIS, J., Concurring.—I concur in the foregoing opinion and judgment on the ground stated therein, but I think also that the judgment might have been reversed on the further ground that the evidence is not sufficient to support the verdict of second-degree murder, or of any lesser crime em-

braced therein. The evidence shows, in my opinion, a clear case of justifiable homicide and consequently our decision should direct the discharge of the defendant.

Langdon, J., concurred.

WASTE, C. J., Dissenting.—I dissent. I am unable to agree with the judgment of reversal ordered by the majority opinion on the ground that the instruction was so far prejudicial that the conviction amounted to a miscarriage of justice. I also quote from the former opinion of this court in this cause as follows:

"The argument against the constitutionality of the statute establishing the presumption rests upon the many cases which, in effect, hold that a law which provides that certain facts are conclusive proof of guilt are unconstitutional, as are those laws which would make an act *prima facie* evidence of crime which has no relation to a criminal act, and no tendency whatever to establish a criminal act. Such an authority is *State* v. *Beach*, 147 Ind. 74 [36 L. R. A. 179, 43 N. E. 949, 46 N. E. 145, 146]. The reason for this rule is that 'in judicial investigations the law of the land requires an opportunity for a trial; and there can be no trial if only one party is suffered to produce his proofs'. (2 Cooley's Constitutional Limitations 8th ed. [Carrington], pp. 768, 769.) 'If, however, the legislature, in prescribing the rules of evidence in any class of cases (as, for instance, here, felonies against the person of another), leaves a party a fair opportunity to establish his case or defense, and give in evidence to the court or jury all the facts legitimately bearing on the issues in the cause to be considered and weighed by the tribunal trying the same, such acts of the legislature are not unconstitutional.' (*State* v. *Beach, supra.*) As was said by the Supreme Court of Ohio: 'It may be conceded that, within proper constitutional limits, the legislature has the general power to prescribe rules of evidence and methods of proof—to determine what may or may not be competent evidence in a particular case—and with certain qualifications, has, perhaps, the power to enact and prescribe that in criminal prosecutions certain facts, when duly established, shall be held to be presumptive or *prima facie* evidence of guilt.' (*Hammond* v. *State*, 78 Ohio St. 15 [125 Am. St. Rep. 684, 14 Ann. Cas. 732, 15 L. R. A.

(N. S.) 906, 84 N. E. 416].)   Mr. Justice Lurton, in the case of *Mobile etc. R. R.* v. *Turnipseed*, 219 U. S. 35, 42, 43, [Ann. Cas. 1912A, 463, 32 L. R. A. (N. S.) 226, 55 L. Ed. 78, 31 Sup. Ct. 136, 137], has this to say: 'Legislation providing that proof of one fact shall constitute *prima facie* evidence of the main fact in issue is but to enact a rule of evidence, and · quite within the general power of government. Statutes, national and state, dealing with such methods of proof in both civil and criminal cases abound, and the decisions upholding them are numerous.'

''If, in the present case, the presumption declared by the statute was made 'conclusive,' the objections to its constitutionality would be sound. The *'prima facie'* presumption here involved does not in any way preclude defendant from establishing his innocence in opposition to it. The legislature here has merely prescribed a rule of evidence in a class of cases, felonies against the person of another, and yet leaves the defendants in such cases a full and fair opportunity to establish their defense. In the case at bar, the defendant, by his own admissions, committed a voluntary homicide. (Pen. Code, sec. 192, subd. 1.) In committing the crime he used one of the weapons which, by the terms of the act, he was forbidden to carry without a license, which he did not have. We are of the view that the inference to be drawn from the fact that the defendant was in the unlawful possession of the revolver he carried at the time was not so unreasonable as to be a purely arbitrary mandate. The defendant accepted the challenge of the deceased to meet him outside the place where they were playing cards. He was the first to go out and, being in possession of the revolver, no doubt felt he was ready for the anticipated fray. It was therefore not error for the court to read to the jury the provision of the act relating to the intent of one charged with a felony against the person of another, under the circumstances of this case.''

In my opinion, the judgment should be affirmed.

Seawell, J., and Shenk, J., concurred.