[Crim. No. 8522. Second Dist., Div. Two. Jan. 28, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. WARREN WESLEY LODGE, Defendant and Appellant.

Sam Houston Allen for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and A. Wallace Tashima, Deputy Attorney General, for Plaintiff and Respondent.

FOX, P. J.—Appellant was convicted of petty theft with a prior felony conviction, to wit: burglary, in violation of section 667 of the Penal Code. He has appealed from the judgment.

In seeking a reversal he makes two contentions: (1) the evidence is insufficient to establish his guilt of petty theft; and (2) the evidence is insufficient to show that he had suffered a prior felony conviction.

On January 9, 1962, appellant and his codefendant, Ferguson,* were in the Broadway Department Store located at 8739 Sepulveda Boulevard in the Westchester area of Los Angeles. They were under the surveillance of Max Dunn, assistant store manager, and Jacqueline Duffy of the Broadway protection staff, for quite some time. The defendants were first observed in the men's suit department of the store. They later proceeded together to the opposite side of the store which is the women's suit and coat department. At that time they stopped, engaged in a conversation with each other, and after a moment, turned around and proceeded back into the main part of the store. They then crossed over to the north side of the store which is the location of the appliance, radio and TV department. This department is on the far side of the store from the women's suit department and it was necessary for them to go through several other departments in order to reach the appliance, radio and TV department. The TV floor models were generally in the front while the portables are located on a shelf at the rear of the department. Defendants

---

*Ferguson entered a plea of guilty, hence is not involved in this appeal.

proceeded specifically to the area where the portable models were located and were observed standing by a portable TV. There defendants hesitated; Ferguson picked up a portable TV set and the two men proceeded along the aisle, hesitated again, and then both walked out of the store together, Ferguson still carrying the set. Dunn observed that neither of the defendants approached or engaged any employee of the store in conversation before walking out of the store with the television set, nor did either of them make any attempt to pay for the set.

Dunn and Miss Duffy followed defendants out of the door. One of the defendants turned around and observed Dunn and Miss Duffy. At that point Ferguson put the TV on the ground and both defendants ran. Dunn ran after appellant who was chased across the street by another employee who caught him. Appellant was brought back to the store. Ferguson was apprehended by Miss Duffy and another employee. The TV set was brought back into the store, at which time it was determined that its sale price was $168.88.

Penal Code section 31 provides: ''All persons concerned in the commission of a crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission . . . are principals in any crime so committed.'' It is apparent from the evidence herein that if appellant's conviction is to be sustained it must be upon the theory that he aided and abetted Ferguson in stealing the TV set. In this connection it must be borne in mind that before a judgment of conviction will be reversed for insufficiency of the evidence, it must be made clearly to appear that on no hypothesis whatever is there sufficient substantial evidence to support the trial court's conclusion. (*People* v. *Frankfort,* 114 Cal.App.2d 680, 689 [251 P.2d 401].) Also, we must assume in support of the judgment the existence of every fact that the trial court could have reasonably deduced from the evidence, and then determine whether the facts ''justify the inference of guilt.'' (*People* v. *Deysher,* 2 Cal.2d 141, 149 [40 P.2d 259].)

 Appellant asserts that the only evidence against him is flight. He overlooks the circumstances and his relation to Ferguson prior to and at the time of the theft of the television set. It will be recalled that he and Ferguson were first observed together in the men's suit department. They were seen going to several of the departments in the store together. They consulted with each other just prior to going to the TV

department together. Appellant was with Ferguson when the latter picked up the television set. They walked out of the store together. When it was observed that they had been followed, both immediately fled even though no accusatory statement had been made to either of them. Flight, of course, is a significant act indicating a consciousness of guilt. (*People* v. *Murguia,* 6 Cal.2d 190, 192 [57 P.2d 115].) The presence of appellant with Ferguson at the time the television set was taken and carried away is a circumstance to be considered in determining whether or not he was guilty of aiding and abetting. (*People* v. *LeGrant,* 76 Cal.App.2d 148, 153 [172 P.2d 554].) In *People* v. *Moore,* 120 Cal.App.2d 303 [260 P.2d 1011], appellant contended that because he said nothing and did nothing during the progress of the robbery he was not a participant and did not aid or abet the robbery. The court, however, held that he was not a mere bystander or onlooker. The court commented (p. 306) that: ''He may have committed no overt act during the robbery but none was required. His presence could have given encouragement to his companion and acted as a deterrent to any continued resistance on the part of Lopez. He was in the position of a lookout and though he gave no warning none was required.''

 Although ''one may aid and abet without having previously entered into a conspiracy to commit a crime'' (*People* v. *LeGrant, supra*), it is a reasonable inference from the conduct and behavior of appellant and Ferguson while in the store that appellant was aware of the wrongful intentions and act of Ferguson in taking and carrying away the TV set and that he counseled with and cooperated with Ferguson in accomplishing the theft. Suffice it to say that the presence of appellant at the commission of the theft and the additional evidence of the circumstances preceding, attending and following its perpetration are legally sufficient to warrant the conclusion that appellant was a participant. (See *People* v. *Carlson,* 177 Cal.App.2d 201 [2 Cal. Rptr. 117].)

In arguing that the evidence is insufficient to establish appellant's prior conviction he evidently erroneously interprets the record. Officer Barnaby testified that he observed appellant's fingerprints being placed upon the card which was introduced in evidence as People's Exhibit 2. This set of fingerprints was compared by a fingerprint expert with a set of fingerprints (Exhibit 3) attached to the certified record of a prior conviction of one Warren Wesley Lodge. The opinion of the expert was that the two sets of

414

fingerprints were made by the same person. This evidence was ample to support the implied finding that appellant had suffered the prior felony conviction that was charged. (*People* v. *McKinley*, 2 Cal.2d 133, 134-135 [39 P.2d 411].)

The judgment is affirmed.

Herndon, J., concurred.