[Crim. No. 15149. Second Dist., Div. Four. Feb. 26, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. BILLEY NORMAN JOHNSON, Defendant and Appellant.

Gilbert F. Nelson, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Philippe J. Monet, Deputy Attorney General, for Plaintiff and Respondent.

DUNN, J.—Following a trial by jury appellant was found guilty of felonies committed October 18, 1967. Under the third and fourth counts of the information filed against him he was found guilty of violating Penal Code section 211 for the armed robberies of Robert R. Gulley and John Bogosian, Jr., respectively, the offenses being fixed as of the first degree. Under counts V and VI he was found guilty of violating Penal Code, section 245 for assaults with a deadly weapon upon John Bogosian, Jr., and William Olney. (The first count against him was dismissed and he was found not guilty of the second count, each relating to the unlawful taking or use of an automobile occurring October 5, 1967.)

The first point on appeal is that evidence does not support his conviction under count IV for the armed robbery of John Bogosian. The facts are simple enough. On October 18, 1967, appellant and another individual drove into a service station in Montebello in a stolen Chevrolet automobile. Appellant got out of the passenger side and walked into the gas station where he pointed a pistol at Robert Gulley, demanded and took from him money. While he was doing this the driver of the car similarly pointed a pistol at John Bogosian, Jr., and took his wallet. Appellant ran from the station and got into the automobile which sped away. As it did so, a shot was fired at Bogosian by the driver of the car.

It is appellant's claim these armed robberies were independently committed and there is no evidence to show any connection between appellant and the crime of his companion who robbed Bogosian. Under Penal Code section 31 appellant may be considered a principal if he aided and abetted commission of a crime. The circumstances recited were sufficient to leave this for determination by a jury (*People* v. *Lodge* (1963) 212 Cal.App.2d 410, 412-413 [28 Cal.Rptr. 5]; *People* v. *Blanks* (1964) 229 Cal.App.2d 310, 312-313 [40 Cal.Rptr. 223]) and the jury's finding of guilt is well supported by evidence.

As a second ground for reversal appellant claims error in the trial court's ruling upon an alleged privileged communication. Respecting this, the evidence shows that the fleeing vehicle was pursued by Officer Olney. Both driver and passenger fired shots at him and the pursuit ended when their vehicle crashed into a curbing and adjacent wall. Appellant crawled out, ran away and was pursued by the officer who lost sight of him. John Piper, a minister of the Church of Christ was sitting in his office in the church with the door open. He heard a noise in the hallway and on looking out saw appellant. Piper then answered a telephone call and appellant walked into his office, paced up and down in front of his desk, sat down and said he was in trouble and that he had been hitchhiking and was picked up by some persons who had robbed a gas station; there had been a chase and an accident and he needed help. Piper told him the best thing to do would be to call the police and appellant agreed. Piper had heard sirens, so he and appellant walked outside where Piper saw a police officer who came to the curbing and Piper related to him what he had been told by appellant. Appellant was standing beside him as Piper told this to the officer.

It should further be noted that Piper was not dressed in ministerial vestments but was wearing an ordinary business suit. Appellant was a stranger to him and not a member of his congregation.

Appellant objected to Piper's testimony regarding his conversation with him claiming it was privileged under Evidence Code section 1032. The trial court overruled the objection and admitted the evidence but thereafter struck it on motion of appellant, so advising the jury and admonishing it to disregard such evidence. Despite the admonition, however, appellant contends the evidence was improperly admitted and incurably prejudicial and that his motion for mistrial should have been granted. We disagree. It is not every statement made by any person to a minister that is privileged. Evidence Code section 1032 specifically defines those "penitential communications" which are privileged. While Evidence Code section 917 establishes that where privilege is claimed there is a presumption that a communication was made in confidence, there is little or nothing to show appellant's statement to Piper was a "communication made in confidence" or "in the course of" the relationship required. The fact appellant accompanied Piper to the curbside discussion with the officer, having agreed that was the thing to do, would

offset, if not totally dispel, the presumption by demonstrating a waiver. (Evid. Code, § 912.) Furthermore, other required elements of a privileged "penitential communication" are missing. (Evid. Code, § 1032.) Thus, there is no evidence to show that Piper was authorized or accustomed to hear such communications, or that he had a duty to keep any such communications secret under the discipline, practice or tenets of his church. There was no error in admitting the evidence. Thus, there can have been no prejudice to appellant either in striking it from the record or doing no more than admonishing the jury to disregard it.

■ Appellant contends that statements he made to the police were erroneously admitted into evidence in violation of his constitutional rights as set forth in *Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R. 3d 974]. He claims he was never asked if he wanted to have an attorney present. The record discloses no error in this regard. Appellant was twice advised of his *Miranda* rights. The first statement of plaintiff to the police was not made in response to interrogation. While he was in the booking cell he was changing his clothes and said that his back hurt. Seeing a bleeding scrape on his left shoulder the officer said, "What happened?", thinking to secure medical attention for him if needed. Appellant replied, "I did it when the car hit the curb. I was a passenger in the car. I fell out of the window." During the fingerprinting portion of his booking, appellant stated to the officer, "That other cop was mean." When the officer asked what he meant appellant stated that the other officer "would have shot him" and appellant continued, saying, "I would have shot you, too." These were voluntary statements and each was made only after appropriate warnings had been given to him of his constitutional rights. There was no error in admitting the evidence.

■ Appellant was found guilty under count IV of armed robbery of John Bogosian, Jr., and under count V of assault on John Bogosian, Jr., with a deadly weapon. He was sentenced under each count and contends this was error as in violation of Penal Code section 654. The evidence reflects that appellant and his partner robbed the two service station attendants. When the robberies were completed, they drove away from the station and as the car left a shot was fired from the car. Whether this act was divisible from the robberies was a question of fact decided by the trial court, and was properly determined under the authorities. (*People* v. *Houghton*

(1963) 212 Cal.App.2d 864, 872-874 [28 Cal.Rptr. 351] ; *People* v. *Williams* (1966) 244 Cal.App.2d 658 [53 Cal.Rptr. 392].) ■ The shot fired at Bogosian was not a means of perpetrating the robbery, since that already had been accomplished. ". . . when the assault is not a means of perpetrating the robbery but is an act that follows after the robbery is completed the defendant is guilty of two punishable acts." *Neal* v. *State of California* (1960) 55 Cal.2d 11, 20 [9 Cal. Rptr. 607, 357 P.2d 839]. Accordingly, he did not receive the double punishment prohibited by Penal Code section 654.

There is an irregularity in the judgment, however, which should be corrected though not raised as a point on appeal. It has been held improper to include in the judgment a finding that a defendant was armed when he is convicted of armed robbery. *People* v. *Sparks* (1967) 257 Cal.App.2d 306, 312 [64 Cal.Rptr. 682].

The judgment is modified by striking the finding that defendant was armed; in all other respects it is affirmed. The appeal from the order denying appellant's motion for new trial is dismissed.

Files, P. J., and Jefferson, J., concurred.