[Crim. No. 814. Department Two.—December 6, 1901.]

THE PEOPLE, Respondent, v. FRANK LOPEZ, Appellant.

CRIMINAL LAW—ASSAULT WITH DEADLY WEAPON WITH INTENT TO MURDER—INSTRUCTIONS AS TO VERDICT—PRESUMPTION.—Where the evidence upon a charge of assault with a deadly weapon with intent to commit murder fully showed such assault with intent to take life, and the only question related to a controversy as to whether the assault was without provocation or was in self-defense, an instruction that the jury might find a verdict of guilty of a simple assault would be unwarranted. An instruction to the effect that the verdict must be either guilty of the charge made, or guilty of an assault with a deadly weapon, or not guilty was proper and not harmful to the defendant, since if he were guilty of a simple assault only, he must be acquitted; and it must be presumed that they heeded the instruction, and discharged their duty thereunder.

ID.—INSTRUCTION AS TO DEADLY WEAPON—PROVINCE OF JURY.—Where the weapon used was a knife, with which a dangerous wound was inflicted, an instruction that "a deadly weapon is one likely to produce death or great bodily injury," and that "as to whether an instrument or weapon alleged to be a deadly weapon is in fact

such, is for the jury to determine from all the evidence in the case, considered in connection with the definition of a deadly weapon as given by the court," was proper, and did not exclude from the jury the question as to the deadly character of the weapon used.

Id.—Evidence—Cutting Face of Friend of Prosecuting Witness.— Where the defendant inflicted a dangerous wound with a knife on the face of the prosecuting witness, evidence was admissible to show that the defendant cut the face of a friend of the prosecuting witness who was present with him, immediately before he assaulted the prosecuting witness, to illustrate the intent and motive with which the defendant assaulted and cut the prosecuting witness.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. W. P. Lawlor, Judge.

The facts are stated in the opinion.

J. E. Gardner, and O. L. Berry, for Appellant.

Tirey L. Ford, Attorney-General, and C. N. Post, Assistant Attorney-General, for Respondent.

GRAY, C.—The defendant was charged with assault with a deadly weapon with intent to murder, and two previous convictions, one of burglary in the second degree, under the name of Theodore Mendez, the other of petit larceny, under the name of Frank Deas. He confessed the previous convictions, and was convicted of assault with a deadly weapon and sentenced to ten years in the state prison.

1. For a reversal, the defendant contends, first, that the court erred in instructing the jury that their verdict must be either guilty of assault with intent to murder, guilty of assault with a deadly weapon, or not guilty, and that the court should have instructed the jury that they might return a verdict finding the defendant guilty of assault.

The defendant, as a witness, testified, in substance, that he cut the prosecuting witness with his " little knife," but claimed that he did so in self-defense, and testified to facts in support of that theory. There is no conflict in the evidence showing that the cutting done by defendant with his "little knife " was of a very serious and dangerous character. The prosecuting witness's face was laid open to the bone, with

long gashes in three different places; he also had a cut under the chin, "extending from left to right." When the surgeon reached him, soon after the assault, he was bleeding profusely, and, in the opinion of the surgeon, probably would have died from loss of blood if he had not received surgical aid. The testimony on the part of the prosecution shows that the assault of defendant was entirely without provocation. It is clear, from the evidence, that the assault was made with a deadly weapon, used in a deadly manner, and with the evident purpose of taking the life of the party assailed. If the defendant committed any crime at all, it was certainly of greater magnitude than simple assault, and an instruction that the jury might find him guilty of an assault merely would have been entirely unwarranted by the evidence. The instruction, as given, was proper under the circumstances disclosed. (*People* v. *McNutt*, 93 Cal. 658; *People* v. *Guidice*, 73 Cal. 226; *People* v. *Barney*, 114 Cal. 558; *People* v. *Arnold*, 116 Cal. 687.)

Again, the instruction complained of was not harmful to the defendant. The jury were fully instructed as to the ingredients of the offense of an assault with intent to murder and of an assault with a deadly weapon, and were then, in effect, told that if they were not satisfied that defendant was guilty of one of these offenses they must acquit him altogether. It will be presumed that they heeded this instruction and performed their whole duty in accordance with it. If they had not been satisfied beyond a reasonable doubt that the defendant was guilty of either of the higher crimes, but were satisfied that he was guilty of assault, under the instructions they would have acquitted him. The error, then, if any was committed, was favorable to defendant, and the case should not be reversed on account of it.

2. Counsel for appellant is mistaken in his assumption that the trial judge excluded from the consideration of the jury the question as to the deadly character of the weapon used. The jury were instructed as follows: "A deadly weapon is one likely to produce death or great bodily injury. As to whether an instrument or weapon alleged to be a deadly weapon is in fact such, is for the jury to determine from all the evidence in the case, considered in connection with the definition of a deadly weapon as given by the court."

3. It was proper to show that defendant cut the face of Valenzuela immediately before he assaulted the prosecuting witness. The extent and character of the injury to Valenzuela was important as illustrating the intent and motive with which he assaulted and cut the prosecuting witness. Valenzuela and the prosecuting witness were together as friends, and the hostilities of defendant were evidently directed against both of them from the beginning. Of course, he could cut but one of them at a time; yet there was, in effect, but one continuous assault on both of them; and each act of defendant illustrated every other act of his during the whole course of his violent assault. The condition of Valenzuela's face showed the degree of violence with which the assault was initiated and the nature of the weapon used from the beginning.

The judgment and order denying a new trial should be affirmed.

Smith, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order denying a new trial are affirmed.

McFarland. J., Temple, J., Henshaw, J.