## STATE v. SUTTERFIELD.

Judicial notice may be justifiably taken that the ordinary shotgun is a dangerous weapon when fired at the distance of 57 steps.

Error, if any, in an instruction upon justification on a trial for assault with a dangerous weapon with intent to do bodily harm, cannot be complained of by defendant where defendant was not justified in shooting, and the court would have been fully warranted in taking that question from the jury.

Requested instructions are properly refused where the instructions given are ample.

An exception not taken to a failure to charge until after the jury has been discharged is too late.

On a trial for assault with a deadly weapon with intent to do bodily harm, the court is not bound of its own motion, without request by the defense, to charge that defendant may be found guilty of simple assault.

Error, if any, on a trial for an assault with a dangerous weapon with intent to do bodily harm in failing to instruct that defendant might be found guilty of simple assault, was favorable to defendant; for it will be presumed that the jury heeded the instructions, and that, if it had believed defendant guilty of simple assault, it would have acquitted.

The Supreme Court presumes that the trial jury will always do its duty, when plain.

(Opinion filed, January 27, 1909.)

Appeal from Circuit Court, Lyman County.   Hon. FRANK B. SMITH, Judge.

Frank Sutterfield was convicted of an assault with a dangerous

weapon with intent to do bodily harm; and, from the conviction and an order denying a new trial, he appeals.  Affirmed.

J. G. Bartine, for appellant.

The defendant is justified in his action until shown otherwise. The burden of proof never shifts but it is at all times upon the State to show that the defendant is not justifiable.  State v. Schmidt, 19 S. D. 585, 104 N. W. 259;  State v. Sharp, 103 N. W. 770.  Defendant has a right to have the jury instructed as to his theory of the case if there is any evidence tending to prove it.  Cyc. of Law & Proc., Vol. 12, 613;  State v. Brady, 91 N. W. 801;  Territory v. Baca, 71 Pac. 460;  Reynolds v. State, 8 Tex. App. 412; Carr v. State, 104 Ala. 4, 16 So. 150;  State v. Reed, 154 Mo. 122. The court erred in refusing the following instruction presented in writing by the defendant before the close of the trial as noted in Exception No. 17.  An officer has the right to use reasonable and ordinary methods of handling persons lawfully in custody, and any person is not bound to submit to treatment of oppression and violence at the hands of officers when the same is not reasonably necessary, and may lawfully resist unwarranted violence at the hands of parties presuming to act as officers.  Brown v. State, 109 Ala. 70;  Am. & Eng. Ency. of Law, 2d Ed. Sup. Vol. 1, 909 p. 347; State v. Freeman, 86 N. C. 683;  Judson v. Reardon, 16 Minn. 431.  In prosecution for assault with intent to murder where defendant testified that his intent in shooting the prosecutor was merely to frighten him, a charge on simple and aggravated assault should be given.  Pastrana v. State, 87 S. W. 347;  Current Law, Vol. 5, p. 272-32;  Hardin v. State, Tex. Cr. App., 84 S. W. 591, Catling v. State, Tex. Cr. App., 72 S. W. 853;  Cubine v. State, Tex. Cr. App., 73 S. D. 396.

S. W. Clark, Atty. Gen., and W. Williamson, State's Attorney, for the State.

It is the duty of every person to aid and assist an officer in making an arrest when they are commanded to do so.  Sec. 184, Pen. Code.  Use of force is not unlawful, when necessarily committed by a public officer in the performance of any legal duty, or by any other person assisting him or acting by his direction. Pen. Code, Sec. 312;  3 Cyc. 893;  3 Cyc. 1050.  To justify the

defendant in shooting, it must be shown that he was in imminent danger or that the acts of the person. shot at were such as would reasonably cause the defendant to 'believe that he must shoot to save. himself or to prevent great bodily injury. State v. Mahan, 20 N. W. 449; State v. Warner, 69 N. W. 546; State v. Jones, 56 N. W. 427. An instruction must be considered as an entirety, and if it presents the law fairly and correctly to the jury, in a manner calculated not to mislead them, it will afford no ground for reversing the judgment, although some of its expressions, if standing alone, might be regarded as erroneous. First National Bank v. Minneapolis & N. Elevator Co., 91 N. W. 436; McCormack v. Phillips, 4 Dak. 506, 34 N. W. 39; State v. Brennan, 2 S. D. 384, 50 N. W. 625. No objection was made to the charge of the court until after the jury had retired to the jury room and were considering the case. It was then too late for the defendant to request that further instructions be given. 12 Cyc. 667; People v. Raher, 92 Mich. 165.

WHITING, J. This cause comes before the court upon appeal from a judgment of conviction in the trial court, and from the order refusing a new trial. The defendant was informed against upon the charge of an assault with a dangerous weapon with intent to do bodily harm to the persons of Christ Lutterman and Pat Grady. While there is some dispute as to the facts leading up to the assault charged, yet the following appears fully supported by the evidence: The defendant came into the town of Draper, S. D., on September 20, 1906, drank more or less intoxicating liquors, and became quarrelsome, and had a quarrel with a party by the name of Drum. One Pat McDonald, claiming at that time to be a constable and who was probably in fact a constable, pretending to act as such constable, parted the defendant and Drum, and trie l to get the defendant to go home. This the defendant refused to do and afterwards followed Drum up, and McDonald went after him, and, finally, after trying to get the defendant to behave himself and not succeeding, he called to his assistance said Lutterman and Grady, tied the feet and hands of defendant, placed him in defendants wagon, and said Lutterman and Grady took him home. There is no question but what considerable force was used in

doing this, and, on the other hand, there is no question but that the defendant was quarrelsome and abusive, and undoubtedly quite intoxicated. When they reached defendants home, defendant fell out of the wagon, or, as claimed by him, was pushed out by Lutterman; the defendant claiming he was pushed out, while Lutterman and Grady claim he fell out. He does not, however, appear to have been seriously hurt, and Lutterman took the team, unhitched it, and went to the barn to put the team away. The defendant appeared to be very bitter towards these men, and especially towards Lutterman. The defendant and Grady followed Lutterman to the barn, and Grady, fearing defendant might attempt some violence upon Lutterman, advised him to go on ahead of him and leave, and soon afterwards Grady also started away. After Grady and Lutterman had got onto the road some little distance from defendant's buildings, they heard a noise, and, turning, they saw the defendant coming after them through a cornfield near the road. There is no question at this time but what Grady and Lutterman were hastening away from defendant's place. The defendant evidently called to them, but what he said was unknown to these parties. At about this time the defendant shot a gun which he had procured and was carrying, and shot it twice. There is some evidence to the effect that these parties were running when the shots were fired, and also that one shot was fired before they knew the defendant was following them. Grady swears that, when one of these shots was fired, he felt what he took to be the wind of the bullet passing near him. It is this firing of the gun which forms the basis of this accusation; it being claimed by the state that the same was fired at the said Grady and Lutterman with the intent to injure them. The defendant admits firing the gun, but claims it was a shotgun; that he did not fire it at these parties, but simply did so to scare them. There is, however, an abundance of evidence from which the jury would be justified in finding, whether the gun was a rifle or a shotgun, that it was fired at these two men, and with the intent to injure them; there being evidence that the defendant made declarations that, while he did not intend to hit one of them, he did intend to hit the other. And while it is the contention of the defense that the evidence shows that this was a shot-

gun, and that the defendant could not have intended hitting these parties for the reason that at the time he shot he was out of range of them, even if he had shot in their direction, yet we find that the defendant himself testified that he was only some 57 steps away from these men when he fired the gun, as he says he stepped it off afterwards. We think that the court would be justified in taking judicial notice that the ordinary shotgun is a dangerous weapon when fired at the distance of 57 steps, but in this case we have the further testimony of the defendant himself wherein, in trying to make the jury believe. he did not intend to hit the parties, he testified that he could have hit them if he had wanted to.

One of the main contentions of the defense upon this appeal is that the court did not fairly instruct the jury upon the question of justification. The court instructed along this point to some considerable extent. Taking the instruction as a whole, we deem it a fair statement of the law as to justification in a case where any such instruction was necessary. But, in view of the fact that this shooting was done, if at all, some considerable time after the defendant had been misused, if he ever was mistreated, and we do not think he was, the defendant was clearly unjustified in shooting at these men if he did so shoot at them, and we believe that the court would have been fully justified in taking this question entirely from the jury. Therefore the defendant cannot complain of the instruction of the court along this line, even if there had been error in it.

There were several exceptions taken to the rulings upon the admission of testimony; but, as we consider them, there was absolutely no merit in any of these exceptions, and we will not take the time to review the same. The defendant asked for several instructions, which were refused. These instructions were along the line of what would justify the defendant for the shooting, and what we have said above fully covers this point: First, the instructions were ample as given; and, second, the defendant was not entitled to any instructions in this phase of the case.

The defense strenuously urge that the court erred in not charging the jury that they might find the defendant guilty of simple assault. It appears from the record that the defendant never asked

for such a charge, and did ask for several others. It also appears from the abstract herein that there was not only no request for such an instruction, but no exception was taken to the failure of the court to so instruct until after the jury was discharged, and taking an exception at that time is clearly too late. The only question left, then, is whether or not the court was bound of its own motion, without request from the defense, to give such instruction. We do not think it was so bound. Furthermore, as held by the court in the case of People v. Lopez, 135 Cal. 24, 66 Pac. 965, we think that the court's failure to so instruct the jury that they might find the defendant guilty of simple assault, if an error, was an error favorable to the defendant; it being presumed that the jury heeded the instructions, and that, therefore, if the jury believed him guilty of simple assault, they would have acquitted. Also to the effect that the exception came too late, we would cite the case of People v. Raher, 92 Mich. 165, 52 N. W. 625, together with 12 Cyc. 667, and cases there cited.

The appellant urges an error, in that he claims that the state's attorney advised the jury that the defendant would probably receive only a short jail sentence, as the court had the right to sentence him for a few days only; and that, as it appears from the record that the jury coupled their verdict with a recommendation of mercy, and the verdict being followed by a penitentiary sentence, it is quite apparent that the jury would not have found a verdict of guilty if they had not been influenced by the remarks of the state's attorney. We are very much surprised that counsel would urge this objection in this court when there is nothing in the record to show that such statement was made by the state's attorney, and, furthermore, we wish to state that this court presumes that the trial jury will always do its duty, when its duty is plain. Therefore in this case, no matter what they supposed the sentence would be, they would have found the defendant guilty because they would not have been justified in reaching any other verdict under the evidence in this case.

It therefore appearing that the defendant had a fair trial, and that there was no reversible error apparent in the record, the judgment of the lower court and the order denying a new trial are affirmed.