[Crim. No. 2059.   Third Dist.   May 24, 1948.]

THE PEOPLE, Respondent, v. JOHN ARGUILIDA,
Appellant.

Chas. H. Epperson for Appellant.

Fred N. Howser, Attorney General, and Doris Maier, Deputy Attorney General, for Respondent.

ADAMS, P. J.—In an information filed in San Joaquin County, Arguilida was charged with a violation of section

245 of the Penal Code, in that he committed an assault upon one Hillario Unayam, a human being, with a deadly weapon, to wit, a pocket knife. A jury convicted him, he made a motion for a new trial and a motion for referral to the probation officer, both of which were denied, and he has appealed from the judgment and the order denying a new trial, urging as grounds for reversal that the evidence is insufficient to support the verdict, that the corpus delicti was not established, that the court misdirected the jury, and that the verdict is contrary to the law and the evidence.

The evidence shows that the victim of. the assault was stabbed in the chest, while standing outside the Filipino Recreation Center in Stockton, conversing with friends, they having left the center when it closed about 1 a. m. As a result of his injuries Unayam was hospitalized for about a week. Appellant argues that the witnesses failed to identify him as the assailant; that their testimony only shows that someone reached over Unayam's shoulder and stabbed him, and that none of the witnesses saw the knife with which the injuries were inflicted.

Unayam testified on direct examination that Arguilida stabbed him, and he identified the defendant in the courtroom; but he stated he did not see the knife. On cross-examination, while he said that defendant was near him on the sidewalk leaning against the building, and he reiterated his former statement that defendant stabbed him, in reply to the question of defendant's counsel, "Somebody in the crowd just reached over your shoulder and stabbed you, isn't that right?", he said yes.

Frank Valdez, called as a witness by the prosecution, testified, however, that defendant did the stabbing, though he did not see any knife. There was also testimony that defendant ran away from the scene of the affray, followed by two Filipinos and an officer, that he was found about a block away partially concealed behind the screen door of a store, and that upon his apprehension at that place a pocket knife with "something red" upon it "near the jaws" was found on his person.

Defendant's testimony in defense was brief, and consisted merely of a denial of the commission of the stabbing, the ownership or possession of the knife, or that he had concealed himself behind the screen door at the time of his apprehension by police officers. It cannot be said, therefore, that the

verdict does not find support in the evidence, and conflicts in the testimony were resolved against defendant by the jury.

Defendant argues also that the knife with which the stabbing was done was not a deadly weapon, because it was a small one, and because the evidence does not show the injury sustained by the victim to have been severe. But there was evidence that Unayam bled profusely, that he was taken to a hospital, and detained there for a week.

As for what constitutes a deadly weapon, the court said in *People* v. *McCoy,* 25 Cal.2d 177, 188 [153 P.2d 315], that while a knife is not inherently a dangerous or deadly instrument as matter of law, it may assume such characteristics, depending upon the manner in which it is used, and that there arises a mixed question of law and fact which the jury must determine under proper instructions from the trial court. And in that case the conviction of assault with a deadly weapon was affirmed though the victim was not actually injured by the knife which was in the hands of her assailant and with which he threatened her.

In *People* v. *Russell,* 59 Cal.App.2d 660, 665 [139 P.2d 661], the use of a nail file with which defendant inflicted a jagged wound in his victim's face was held sufficient to support a charge of assault with a deadly weapon. Also see *People* v. *Cook,* 15 Cal.2d 507, 516, 517 [102 P.2d 752]; *People* v. *Macias,* 77 Cal.App.2d 71 [174 P.2d 895].

It is next urged by appellant that the trial court erred in instructing the jury on the subject of flight. It is not contended that the instruction was in itself faulty, but it is argued that there was no evidence of flight. We think that the evidence hereinabove set forth fully justified the instruction; but at any event it has not been made to appear that the giving of same resulted in prejudice to appellant. (*People* v. *Russell, supra,* at page 664; *People* v. *Hall,* 220 Cal. 166, 173 [30 P.2d 23].)

Finally, appellant asserts that the trial court erred in failing to instruct the jury that it had a right to convict the defendant of lesser offenses. Concededly he made no request for such an instruction and he may not complain that none such was given. (*People* v. *Ramirez,* 21 Cal.App.2d 466, 468 [69 P.2d 913]; *People* v. *Dozier,* 35 Cal.App.2d 49, 60 [94 P.2d 598]; *People* v. *Petters,* 29 Cal.App.2d 48, 51 [84 P.2d 54]; *People* v. *Welsh,* 7 Cal.2d 209, 211 [60 P.2d 124].)

Also, in *People* v. *McCoy, supra,* at pages 193-194, it was said that it was not error to refuse an instruction on simple assault where the evidence was of such a nature that if the defendant was guilty at all he was guilty of the higher offense charged.

We find no ground for reversal of the judgment imposed, wherefore the said judgment and the order denying a new trial are affirmed.

Peek, J., and Thompson, J., concurred.