[Crim No. 3153. First Dist., Div. Two. May 28, 1956.]

THE PEOPLE, Respondent, v. JOSEPH E. WILLIAMS, Appellant.

Henry M. Elson, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Victor Griffith, Deputy Attorney General, for Respondent.

DOOLING, J.—Appellant, Joseph E. Williams, was charged with a violation of Vehicle Code, section 503, in that he took and drove a vehicle without the consent of the owner and with the intent to deprive the owner of his possession of said vehicle. He was also charged with having been convicted of three prior felonies, auto thefts, all of which he admitted. He pleaded not guilty and after a jury trial was convicted of the crime charged. He appeals from the judgment of conviction.

Appellant's first contention that the evidence is insufficient to support the verdict is without merit. The owner of the car, one Luther Upshaw, allowed his daughter, Mrs. McCauley, to use his automobile on Saturday, September 4, 1954. He did not give appellant permission to drive the car

and did not know him. He described his car as a 1951 Buick, License Number 3B2671. Mrs. McCauley testified that on the afternoon of September 4, she parked the car in front of her house on Twenty-ninth Street near San Pablo Avenue in Oakland. She left the car locked with the windows rolled up. There was only one set of keys to the car and she had possession of them. The next morning the car was missing. Mrs. McCauley had given no one permission to drive it.

One L. D. Williams testified that on Saturday, September 4, at about 10:30 or 11 p. m. he called upon appellant Joseph E. Williams at the Ebony Plaza Hotel. This hotel was located about a block from where Mrs. McCauley parked the car in question. He and appellant drank half a bottle of gin in appellant's room. The witness then informed appellant that he had no money with him but suggested that if appellant could "get a way in a car" they could go to the witness' home in Richmond where he had some money. This would enable them to buy some more drinks. Appellant then left the room and returned an hour or an hour and a half later. He again left the room and was gone about 25 minutes. When he returned he said, "Come on, let's go." The witness left the hotel with appellant. The two of them entered a '51 or '52 Buick parked on the street. When the witness entered the car he noted sparks flying under the dash. The witness said to appellant: "Joe, you are not stealing this car?" Appellant with the witness as a passenger then drove the car to Richmond. They stayed in Richmond approximately 25 or 30 minutes and then came back to Oakland. Appellant parked the car two or three blocks from the Ebony Plaza Hotel. The witness asked appellant why he was leaving the car there and appellant answered: "I am supposed to leave it here."

Police Officer Milton P. Habelt testified that on September 5, 1954, he was sent to check a 1951 Buick, License Number 3B2671 for fingerprints. It was parked on Twenty-sixth Street, just west of San Pablo Avenue. He found two prints, one on the left wind-wing and one on the rear-view mirror. He stated that the car was not "hot-wired" (a method of bypassing the ignition so that a car may be started without the key) when he saw it although there were two or three small pieces of wire lying on the floor.

Robert M. Cooper, an assistant criminologist for the Oakland Police Department, identified the fingerprint taken by

Officer Habelt from the left wind-wing as that of appellant Williams.

The owner of the car testified that after the car was returned to his daughter he noted his son-in-law fixing some wires under the dashboard. He stated that his son-in-law was trying to connect them.

There was ample evidence presented at the trial from which the jury could have found that appellant was guilty. The jury could have found that appellant gained entrance to the car through the wind-wing where his fingerprint was found and then "hot-wired" the car in order to get it started without the key. The testimony of the witness L. D. Williams is not so unreliable and inherently improbable, as appellant contends, that it must be disregarded. Further in view of the other evidence against appellant the fingerprint evidence would seem to constitute strong evidence against him. (*People* v. *Adamson*, 27 Cal.2d 478 [165 P.2d 3].) A different situation was presented in *People* v. *Flores*, 58 Cal.App.2d 764 [137 P.2d 767], relied on by appellant, wherein the fingerprint evidence was held not sufficient. In the Flores case there was no other evidence connecting the defendant with the crime of grand theft of an auto and he admitted being in the stolen car, thus furnishing an explanation for the presence of his print in the car. In the instant case there is other evidence connecting appellant with the crime and he did not admit being in the car

Appellant's next contention is that the trial court committed prejudicial error in failing to instruct the jury that a violation of Penal Code, section 499b, was an included offense under a charge of violation of Vehicle Code, section 503. Vehicle Code, section 503, provides in part: "Any person who drives or takes a vehicle not his own, without the consent of the owner thereof, and with intent to either permanently or temporarily deprive the owner thereof of his title to or possession of such vehicle, whether with or without intent to steal the same, . . . is guilty of a felony . . ." Penal Code, section 499b, provides in part: "Any person who shall, without the permission of the owner thereof, take any automobile, . . . for the purpose of temporarily using or operating the same, shall be deemed guilty of a misdemeanor . . ." No instruction was given or requested on this latter code section.

Although appellant did not request an instruction on Penal Code, section 499b, as an included offense he argues that it

was error for the trial court not to give such instruction on its own motion. He cites *People* v. *Carmen*, 36 Cal.2d 768 [228 P.2d 281], and *People* v. *Brown*, 131 Cal.App.2d 643 [281 P.2d 319]. In both of these cases the defendant requested an instruction on the included offense so that they are not authority that such instruction must be given by the court on its own motion. He argues, however, that the case falls within the reasoning of the statement in *People* v. *Klor*, 32 Cal.2d 658, 662 [197 P.2d 705], that the "jury should be given instructions on the general principles of law applicable to the case and even if not requested by the parties such instruction should be given by the court of its own motion."

That the Supreme Court does not extend this rule to instructions on included offenses, at least of the character involved here, seems clear from the following language found in *People* v. *Chessman*, 38 Cal.2d 166, 187-188 [238 P.2d 1001]:

"As to crime (2), grand theft of an automobile, there is ample evidence . . . to show that he intended to steal it. But, defendant says, the evidence would also permit the inference that he took the car with intent merely to deprive the owner of possession temporarily; i. e., the lesser offense of violation of section 503 of the Vehicle Code; and the jury should have been so instructed. . . . If defendant wished to raise this contention, he should have requested an instruction as to the lesser offense and argued the matter to the jury." Here appellant neither requested the instruction nor argued the matter to the jury. In this respect his case is on all fours with that of Chessman. See also *People* v. *Johnson*, 99 Cal.App.2d 717, 727 [222 P.2d 335]; *People* v. *Zabel*, 95 Cal.App.2d 486, 489 [213 P.2d 60]; *People* v. *Arguilida*, 85 Cal.App.2d 623, 625 [193 P.2d 478]; *People* v. *Dunlop*, 79 Cal.App.2d 207, 211 [179 P.2d 658].

■ Appellant's last contention is that the district attorney was guilty of prejudicial misconduct in commenting in his opening and closing arguments to the jury on appellant's failure to testify. No objection was made to these comments on the trial of the action. No motions were made to strike these remarks from the record or to instruct the jury to disregard them. It would seem that appellant is thus in no position to complain about them on appeal. (*People* v. *Perry*, 14 Cal.2d 387, 396 [94 P.2d 559, 124 A.L.R. 1223]; *People* v. *Sykes*, 44 Cal.2d 166, 172-173 [280 P.2d 769].)

An examination of the comments satisfies us, as well, that in view of California Constitution, article I, section 13 and Penal Code, section 1323, they were not improper. (*People* v. *Adamson*, 27 Cal.2d 478, 486-490 [165 P.2d 3].) The trial court correctly instructed the jury on appellant's right to remain silent. Appellant's argument that the prosecutor should not be allowed to comment as he did here because as a practical matter appellant had no choice but to remain silent in view of his three prior convictions for the same or similar offenses was presented in the Adamson case and there rejected. The court there stated that any change in the law in this respect must be made by the Legislature.

Judgment affirmed.

Nourse, P. J., and Kaufman, J., concurred.