[Crim. No. 13505.   Second Dist., Div. Four.   Dec. 9, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. JERRY JAMES COOPER, Defendant and Appellant.

H. Raymond Rager, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Andrea Sheridan Ordin, Deputy Attorney General, for Plaintiff and Respondent.

FILES, P. J.—A jury convicted defendant of assault with a deadly weapon (Pen. Code, § 245, subd. (a)). He is appealing from the judgment. The notice of appeal also refers to the order denying a new trial, which is not an appealable order.

A brief statement of facts will present the issues. Defendant and two companions were creating a disturbance at a food market. The manager and a box boy approached them and there was a fight, in which the box boy was seriously wounded with a knife. The manager saw a knife in defendant's hand. A police officer testified, without objection, that defendant had told him " 'I cut the guy, but only because he came at me with a razor. . . .' "

It was the theory of the defense that the victim had been the aggressor and that the defendant and his friends did no more than defend themselves. Defendant testified that when the altercation started he struck the victim with his fist and then ran away, leaving his companions to finish the fight. He denied that he had cut or stabbed anyone and denied that he had possessed a knife on that occasion. He said that after the fight he had seen a bloody knife in the possession of David Thomason, one of his companions.

Called as a defense witness, Thomason, aged 15, testified defendant had hit the victim with his hand, and denied that he, Thomason, had had a knife. He said that afterwards he had told a lot of people that he had cut the fellow at the market, but this was "just bragging."

Defendant contends on appeal that it was error for the trial court to appoint an attorney to advise David Thomason, and then to permit David to go home and talk to his mother before he testified. No objection to this was made in the trial court, and no authority is cited for the defendant's argument here. The record shows that when David was first called as a witness for the defense, the court announced that, in view of the boy's age and the nature of the case, it would ask an attorney, who was in the courtroom, to advise David. After a recess the attorney announced that he had advised David of his constitutional rights, and that David desired to be excused in order to speak to his mother before testifying. The court then excused David for that purpose. The following day David returned and testified. Counsel were not limited in

examining him on the witness stand, and he did not claim any privilege. Apparently defendant was disappointed that David failed to testify that he was the one who had stabbed the victim.

It appears to us that the trial court showed a proper concern for a 15-year-old boy who was facing responsibilities, the gravity of which he might not appreciate without adult counsel. The action of the trial court was well within its discretion.

Defendant's second contention is that the trial court erred in failing on its own motion to instruct the jury upon simple assault (Pen. Code, §§ 240, 241), a lesser offense included within the offense charged. No instructions at all were requested by the defendant's attorney at the trial. Unquestionably such an instruction would have been proper if requested. If the jury believed defendant's testimony that he used only his hand, and was not convinced that defendant had aided or abetted or conspired in the use of a knife by one of the others, it could have found him guilty of simple assault, a misdemeanor.

The issue here is whether it was reversible error for the court to fail to submit this issue to the jury in the absence of a specific request. The cases on this subject reflect conflicting decisions, an abundance of language not necessary to the decision, and the absence of any authoritative reconciliation or repudiation of the conflicting opinions.

Preliminarily, it is necessary to distinguish those cases in which the evidence showed that the defendant, if guilty at all, could only have been guilty of the greater offense. For example, if the evidence shows without conflict the use of a deadly weapon, and there is only one assailant, the law is clear that no instruction on misdemeanor assault is necessary or proper (see, e.g., *People* v. *McCoy* (1944) 25 Cal.2d 177, 187 [153 P.2d 315]; *People* v. *Fleig* (1967) 253 Cal.App.2d 634 [61 Cal.Rptr. 397]). The problem at bench arises where, under one rational view of the evidence, the defendant could have been found guilty of the lesser offense and nothing more.

The earlier cases generally held that the trial court need not instruct on included offenses without a request from the defendant. (See, e.g., *People* v. *Bailey* (1904) 142 Cal. 434 [76 P. 49] (rape); *People* v. *Welsh* (1936) 7 Cal.2d 209, 211 [60 P.2d 124] (robbery); *People* v. *Chessman* (1951) 38 Cal. 2d 166, 187 [238 P.2d 1001] (automobile theft).)

The reason for the rule was explained in the *Bailey* case (at p. 436): "The rule as above stated is upon the whole not unfavorable to a defendant. If he desires the jury to understand that they are not compelled to either find him guilty of the high crime charged or acquit him entirely he can ask the court to so inform them. On the other hand, if he thinks that the jury cannot and will not convict him of the crime charged, and must therefore acquit him, his argument to them on that theory is not embarrassed by an interference of the court in the shape of an instruction that they may find him guilty of some other and perhaps only slightly lesser crime than the one charged. As was said in *People* v. *Hite*, 135 Cal. 76 [67 P. 57]: 'It is not unusual for counsel for the defense in cases of this character to take the position that his client is either guilty of the highest crime charged against him in the information, or else he is not guilty of anything, thus taking chances on a conviction of the higher offense, an acquittal, or a disagreeing jury, in preference to a compromise verdict of a lesser crime.' "

On the other hand, in *People* v. *Church* (1897) 116 Cal. 300 [48 P. 125], where the court reversed a robbery conviction because of an error in the instruction defining robbery, the opinion states (at p. 303): "Again, in every trial upon a charge of robbery, where the evidence justifies it, the court should, of its own motion, in the absence of request upon the part of counsel, inform the jury that larceny is included in the offense of robbery, and that their verdict may be framed upon those lines. While this court has refused to set aside verdicts by reason of the trial court's failure to so instruct, holding that the defendant has no cause of complaint where he sits idly by without request upon his part to give the instruction, still, the better practice, and the only strictly correct practice, is for the court to inform the jury of all offenses which are necessarily included in the principal offense charged.

The old rule, as typified by the *Bailey* opinion, has been followed as recently as *People* v. *Smith* (1963) 223 Cal.App. 2d 225, 237 [35 Cal.Rptr. 719], where the court affirmed a conviction for attempted kidnaping with the statement: "A specific request is necessary for all instructions on a lesser offense."

Meanwhile there appeared in a number of homicide cases the statement that if there was evidence to support a conviction of the lesser offense, it was the duty of the judge to give

an instruction upon it without a request. The reason given was that it is the duty of the trial judge to instruct upon all of the general principles of law pertinent to the case. These statements were not necessary to the decision in the cases where they first appeared. (See *People* v. *Best* (1936) 13 Cal. App.2d 606, 610 [57 P.2d 168] (defendant relied upon prosecution's request for a manslaughter instruction); *People* v. *Manzo* (1937) 9 Cal.2d 594, 598-599 [72 P.2d 119] (evidence did not support a manslaughter verdict); *People* v. *Wade* (1959) 53 Cal.2d 322, 333-335 [1 Cal.Rptr. 683, 348 P.2d 116] (no plausible theory for lesser offense pointed out to the trial court).)

The dicta in those cases became the holding of the court when murder convictions were reversed in *People* v. *Lewis* (1960) 186 Cal.App.2d 585, 597 [9 Cal.Rptr. 263]; *People* v. *Wilson* (1967) 66 Cal.2d 749, 757-759 [59 Cal.Rptr. 156, 427 P.2d 820]; *People* v. *Aubrey* (1967) 253 Cal.App.2d 912, 920 [61 Cal.Rptr. 772]; *People* v. *Landrum* (1968) 261 Cal.App.2d 372, 378 [67 Cal.Rptr. 911].

With respect to nonhomicide cases, the old law remained the rule of decision in *People* v. *Williams* (1956) 141 Cal. App.2d 849, 853 [297 P.2d 759]; *People* v. *Calderon* (1957) 155 Cal.App.2d 526, 530 [318 P.2d 498]; and *People* v. *Smith* (1963) 223 Cal.App.2d 225, 237 [35 Cal.Rptr. 719].

In *People* v. *Roth* (1964) 228 Cal.App.2d 522 [39 Cal.Rptr. 582], involving a conviction for felonious assault, the opinion called attention to the conflict among the authorities, but found it unnecessary to decide the precise question presented here.

In *People* v. *Morrison* (1964) 228 Cal.App.2d 707, 712 [39 Cal.Rptr. 874], a kidnaping case, the court said that where there is evidence which would absolve the defendant from guilt of the greater offense but which would support a conviction of the lesser included offense, ''It is now settled that, in this situation, an instruction on the lesser offense or degree must be given, even though not requested, . . .'' However, that statement was unnecessary to the decision because the court concluded that there was no such evidence in the record.

The dictum in *Morrison* became the basis of decision in *People* v. *Roman* (1967) 256 Cal.App.2d 656, 662 [64 Cal. Rptr. 268], where a conviction of felony child beating (Pen. Code, § 273a, subd. (1)) was set aside because of the failure of the trial court to instruct, without a request, upon the included misdemeanor offense (Pen. Code, § 273a, subd. (2)).

Again, in *People* v. *Crary* (1968) 265 Cal.App.2d 534, 540 [71 Cal.Rptr 457] the *Morrison* dictum was the authority upon which a robbery conviction was reversed because of the failure of the trial court to instruct, *sua sponte,* on attempted robbery.

In summary we find this: The old cases establishing the rule that there is no obligation to instruct on included offenses, without a request, have never been overruled. The old rule has merit in at least two respects. First, it gives the defendant an option whether to defend solely against the offense charged, or to offer the jury the opportunity to convict him of a lesser but more easily proven crime. Second, a requirement that instructions be given without request invites reversals based upon the hindsight of an appellate court, which studies a cold record and finds a theory which no one at the trial thought worth talking about.

Those considerations have been repudiated by the Supreme Court in the homicide cases, upon reasoning which applies as well to other offenses.

Now we find two recent decisions of the Court of Appeal, *Roman* and *Crary,* cited above, which make the lesser offense instruction mandatory in nonhomicide cases. In the light of this history, we must conclude that the *Roman* and *Crary* opinions state the present law on this subject; and a proper application of the doctrine of *stare decisis* requires us to hold that the trial court must instruct upon included offenses, without a request, when the evidence calls for it.

The discussion in *People* v. *Wade* (1959) 53 Cal.2d 322, 334 [1 Cal.Rptr. 683, 348 P.2d 116], offers this qualification: "Yet the trial court cannot be required to anticipate every possible theory that may fit the facts of the case before it and instruct the jury accordingly. The judge need not fill in every time a litigant or his counsel fails to discover an abstruse but possible theory of the facts."

In the case at bench it cannot be said that the hypothesis of simple assault was "abstruse." The defendant and his accomplice   both testified that defendant struck the victim with his hand, and defendant denied having anything to do with a knife. Defendant may have refrained from requesting the instruction because he preferred that it not be given, but under the authorities cited above he is now privileged to demand a reversal because the jury was not offered the opportunity to convict him of misdemeanor assault.

There remains the question whether the failure to instruct

on the lesser offense was prejudicial. The earlier cases argued that the absence of such an instruction favored the defendant. In *People* v. *Lopez* (1901) 135 Cal. 23 [66 P. 965], where the defendant was convicted of felonious assault, without any instruction on the lesser offense, the Supreme Court said (at p. 25) : ''The jury were fully instructed as to the ingredients of the offense of an assault with intent to murder and of an assault with a deadly weapon, and were then, in effect, told that if they were not satisfied that defendant was guilty of one of these offenses they must acquit him altogether. It will be presumed that they heeded this instruction and performed their whole duty in accordance with it. If they had not been satisfied beyond a reasonable doubt that the defendant was guilty of either of the higher crimes, but were satisfied that he was guilty of assault, under the instructions they would have acquitted him. The error, then, if any was committed, was favorable to defendant, and the case should not be reversed on account of it.'' (Accord: *People* v. *Clark* (1905) 145 Cal. 727 ,730 [79 P. 434].)[1]

The logic of the *Lopez* analysis, though not expressly repudiated, cannot be reconciled with some more recent opinions. (See *People* v. *Carmen* (1951) 36 Cal.2d 768 and dissent at pp. 785-786 [228 P.2d 281]; *People* v. *Modesto* (1963) 59 Cal.2d 722, 730 [31 Cal.Rptr. 225, 382 P.2d 33]; *People* v. *Aubrey* (1967) 253 Cal.App.2d 912, 920 [61 Cal.Rptr. 772].) In *Modesto,* speaking of the effect of the trial court's failure to instruct on the included offense of manslaughter, the court said (at p. 730) : ''Reversal is not required because of a reasonable probability that in the absence of the error the jury would have reached a different verdict (see *People* v. *Watson,* 46 Cal.2d 818, 836 [299 P.2d 243]), but because the defendant has a constitutional right to have the jury determine every material issue presented by the evidence. Regardless of how overwhelming the evidence of guilt may be, the denial of such a fundamental right cannot be cured by article VI, section 4½, of the California Constitution, for the denial of such a right itself is a miscarriage of justice within the meaning of that provision.''

Under the authorities cited, defendant is entitled to a retrial.

---

[1]In more recent times some attorneys have shared that view, as shown by their urging the trial court not to instruct on included offenses. (See, e.g., *People* v. *Phillips* (1966) 64 Cal.2d 574, 581 [51 Cal.Rptr. 225, 414 P.2d 353]; *People* v. *Alfreds* (1967) 251 Cal.App.2d 666, 671 [59 Cal. Rptr. 647].)

The judgment is reversed. The order denying a motion for a new trial not being appealable, the attempted appeal therefrom is dismissed.

Jefferson, J., and Kingsley, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied February 5, 1969. McComb, J., Mosk, J., and Burke, J., were of the opinion that the petition should be granted.