[No. D009619. Fourth Dist., Div. One. Mar. 23, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
GABRIEL GUTIERREZ, Defendant and Appellant.

**COUNSEL**

Jan Stiglitz, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Robert M. Foster and Carl H. Horst, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**FROEHLICH, J.**—This appeal requires consideration of the proper procedure to be utilized by a jury, and accordingly the instructions which should be given a jury, when it is presented with alternative primary criminal offenses and the possibility of a lesser included offense as to one of the alternative primary offenses. We conclude that the jury should be instructed that it need reach the issue of the lesser included offense of one of the alternative primary offenses only if it concludes that the defendant is not guilty of both alternative primary offenses.

The defendant in this case was arrested after a display of erratic driving. A blood test indicated intoxication. The vehicle being driven was shown to have been stolen from an auto agency. The defendant did not testify at the trial. Rather obviously, then, the jury was presented a case in which the defendant was in possession of and driving a stolen vehicle. The specific crime of which he might be found guilty would depend upon the jury's

resolution of circumstantial evidence pertaining to the facts of the taking of the vehicle and the defendant's intent related thereto.[1]

In order to sustain the receiving stolen property charge the jury would have to find that the defendant was in possession of the vehicle with knowledge that it had been stolen (but not necessarily that he was the thief). The unlawful vehicle taking charge, on the other hand, would require a showing that the defendant himself took the vehicle intending to deprive the owner thereof, but not necessarily that he intended to steal it. The lesser included offense to vehicle taking, which is joyriding, required only a finding of taking without permission of the owner for the purpose of temporary use.

The court gave the jury definitional instructions as to each of these three potential crimes. It instructed on the elements of the crime of unlawful vehicle taking (Veh. Code, § 10851, alleged in count one); on the elements of receiving stolen property (Pen. Code, § 496, alleged in count two); and gave the definition of joyriding (Pen. Code, § 499b, stated to be a lesser offense of unlawful vehicle taking).

With respect to the two felony charges, the court instructed that they were alternative and that the jury could return a conviction of only one of the charges. Should the jury find the defendant guilty of one of these primary charges, it would have to choose which of the offenses constituted the conviction, and then should find the defendant not guilty of the other charge.

As to the lesser offense of joyriding, the court gave the standard CALJIC No. 17.10 which explains that the jury may convict of the lesser offense if it cannot reach a verdict on the greater offense but is convinced beyond a reasonable doubt of guilt of the lesser offense.

In further explanation of the relationship between greater and lesser offenses the court gave an adapted version of CALJIC No. 17.12.[2] It ex-

---

[1] The defendant was charged with unlawful driving and taking of a vehicle (Veh. Code, § 10851, subd. (a)); receiving stolen property (Pen. Code, § 496, subd. 1; driving while under the influence of alcohol (Veh. Code, § 23152, subd. (a); driving with a blood-alcohol content of over .1 percent (Veh. Code, § 23152, subd. (b)); and driving without a valid driver's license (Veh. Code, § 12500, subd. (a)). He was convicted of receiving stolen property and also of the counts of driving under the influence of alcohol and without a valid driver's license. He was sentenced to the mid-term of two years for receiving stolen property with concurrent or stayed jail terms for the alcohol-related offenses and a $25 fine for driving without a valid license. The issue on appeal related only to the receiving/unlawful taking of a vehicle charges and their lesser included or related offenses.

[2] The court stated, "In this case defendant is charged in count one with the offense of auto taking. It's also been referred to, obviously, as vehicle taking. Unlawful driving[,] that is[,] a

plained that the jury members would receive blank verdict forms for both the greater and lesser offense; that if they should agree on guilt of the greater offense they should sign that form and nothing further would be required; that if they unanimously agree the defendant is not guilty of the greater offense they should then consider the lesser offense. In accord with *People* v. *Kurtzman* (1988) 46 Cal.3d 322 [250 Cal.Rptr. 244, 758 P.2d 572], the court interlineated in the written instruction, and stated orally to the jury, that it could "consider the lesser offense before reaching a verdict on the greater offense."

In sum, then, the jury was advised there were two alternative greater offenses and that if it should find guilt of one of the two it would have to decide which one. Then the jury was also advised that as to one of the greater offenses a lesser included offense existed, and was given detailed instructions as to how to approach the relationship between this greater and its lesser offense. A fair reading of the instructions would also lead, we believe, to the conclusion by the jury that it could consider and discuss all three related offenses (vehicle taking, joyriding and receiving stolen property) before arriving at conclusions as to any of them.

---

violation of Penal Code section 499 subdivision B is a lesser offense. The court will provide you with verdict forms for each count charged and for each lesser offense.

"You should determine whether defendant is guilty or not guilty of the offense of auto taking charged in count one. If you unanimously agree that defendant is guilty of said offense charged in count one, you will have your foreman date and sign the guilty verdict and return with it into court. Nothing further will then be required of you as to count one.

"However, if you unanimously agree that the defendant is not guilty of such offense, you will have your foreman date and sign the not guilty verdict for that crime, and you will determine whether defendant is guilty or not guilty of the lesser offense of unlawful driving, in violation of Penal Code section 449[,] subdivision B.

"If you unanimously agree that the defendant is guilty or not guilty of said lesser offense of violation of Penal Code section 449[,] subdivision B, you will have your foreman date and sign such guilty or not guilty verdict and return with it into court together with the not guilty verdict on the offense of auto taking charged in count one of the information.

"You will note from the [sic] this instruction that you must unanimously agree that the defendant is not guilty of the greater offense before you may find the defendant guilty or not guilty of any lesser offense. However, you may consider the lesser offense before reaching a verdict on the greater offense. If you are not able to unanimously agree on the greater offense, your foreman shall report such fact to the court.

"If you unanimously agree that the defendant is not guilty of the offense of auto taking, as charged in count number one, but after due and sufficient deliberation you cannot agree that defendant is guilty or not guilty of any lesser offense, your foreman shall report such fact to the court, then return to the court the signed not guilty verdict of the offense of unlawful driving, which is a lesser included or lesser related offense of the auto taking charge in count one.

"You will note from this instruction that if you unanimously agree that the defendant is not guilty of the offense of auto taking charged in count one, you must have your foreman date and sign such verdict and return it into court, regardless of what may happen in your deliberations on any other lesser offense."

The jury was not, however, advised as to the relationship, if any, between the lesser included offense of count one (joyriding) and the offense stated in count two (receiving stolen property). This being obviously one of the more prescient of juries, it asked during deliberations: "Do we have to decide guilty or not guilty on joy riding if we decide guilty on charge number 2?" After discussion with and concurrence of both counsel, the court responded "No," after which the jury returned with a not guilty verdict as to count one, a guilty verdict as to count two, and no finding with respect to the lesser included offense of joyriding.

The court discussed these results with counsel in chambers. Defense counsel objected to the proceedings (acknowledging that he was changing the position he had previously taken), contending that the upshot of the court's response to the jury's question was to preclude it from considering joyriding as a lesser included or related offense to receiving stolen property. The prosecuting attorney contended that the finding as to count two made further consideration of the lesser included offense of Count One moot, and moved to dismiss count one. The court granted the motion to dismiss and hence denied defense counsel's request for further jury deliberations as to any lesser offense. It is this ruling which is the foundation of this appeal, appellant contending that the court improperly deprived the jury of the potential of considering joyriding as a possible lesser included or related offense of receiving stolen property.

■ A "lesser included offense" is one all the elements of which are embraced within the elements of the greater offense. (*Schmuck* v. *United States* (1989) 489 U.S. 705, 715 [103 L.Ed.2d 734, 746, 109 S.Ct. 1443, 1450].) The court is required to give instructions on a necessarily included lesser offense, whether requested or not by counsel, if the evidence would justify a conviction of the lesser offense. (*People* v. *Cooper* (1968) 268 Cal.App.2d 34, 39 [73 Cal.Rptr. 608]; 5 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) Trial, § 2926, pp. 3587-3589.) ■ Joyriding is a necessarily included offense of unlawful vehicle taking, and hence the court's instruction on the subject was correct. Joyriding is not a necessarily included offense of the crime of receiving stolen property,[3] and hence it was proper (particularly in light of there having been no request therefor) for the court *not* to instruct on that subject.

---

[3] Proof of the crime of receiving stolen property requires a showing that (1) the property in question was stolen, (2) the accused possessed it, and (3) the accused at the time of possession knew it was stolen. (CALJIC (5th ed. 1988) No. 14.65, pp. 179-180). The elements of the crime of joyriding are the taking and temporary use or operation of a vehicle without the permission of the owner. (Pen. Code, § 499b). It is apparent that every case of proven receiving of a stolen vehicle will not also constitute joyriding in that stolen property can be "received" without the taking of the same by the accused from the owner.

It is possibly true that in this case joyriding might have been considered a "lesser related offense" upon which, in reaction to an appropriate request from counsel, an instruction might have been appropriate. (See *People* v. *Geiger* (1984) 35 Cal.3d 510, 530-531 [190 Cal.Rptr. 45, 674 P.2d 1303, 50 A.L.R. 4th 1055].) The failure to give such instruction in this case can hardly, however, be deemed error. Initially we must note that instructions on lesser related offenses are not to be given sua sponte, but only upon request of counsel. (*Id.*, at p. 530.) More importantly, the appropriate order of consideration by the jury in this case of the several charges made reconsideration of joyriding, as a lesser offense of vehicle taking, moot.

■  Where, as here, alternative primary offenses are charged, it is the obligation of the jury first to decide guilt or innocence as to those offenses. The jury here was instructed that if it found the defendant not guilty of unlawful vehicle taking it should then consider the lesser offense of joyriding. However, although not explicitly stated in the instructions, the jury should embark upon a determination of guilt or innocence of joyriding *only* if it should reject guilt on both the primary charges. This in fact was the question posed by the jury to the judge: "Do we have to decide [about joyriding] if we decide guilty on [receiving stolen property]?" The answer given by the court—"No"—was absolutely correct. Having found guilt as to a primary offense there was no occasion to consider guilt or innocence as to a lesser offense.[4]

It is true that, in accord with *People* v. *Kurtzman, supra*, 46 Cal.3d at pp. 330-331, the jury is entitled to consider and discuss the lesser offense along with its deliberations concerning the greater. Counsel's failure to request a specific lesser related offense instruction as to receiving stolen property did not in this case, however, preclude this consideration. The jury was advised

---

[4]Recognizing that the task of composing instructions is for the trial court, and that the function of the appellate court is limited to ex post facto criticism, we nevertheless suggest (obviously by way of dictum) an appropriate instruction for the situation presented by this case. It would fit into the CALJIC numbering system at approximately 17.13.

"You have been advised that the defendant is charged in alternative counts with the crimes of unlawful vehicle taking and the receipt of stolen property, and that you may find the defendant guilty of only one of these charges. You have been further instructed that violation of Penal Code section 499b, sometimes called joyriding, is a lesser included offense of unlawful vehicle taking, and that if you find the defendant not guilty of unlawful vehicle taking you may convict him of the lesser offense of joyriding.

"You may consider and discuss all three potential offenses before concluding as to the defendant's guilt or innocence of any of them. However, before reaching the question of guilt or innocence of the lesser included offense you must first determine that the defendant is not guilty of both of the greater offenses. In other words, if you conclude that the defendant is guilty of either the offense of unlawful vehicle taking or receipt of stolen property, you will return a guilty verdict on such offense and take no further action with respect to the lesser included offense."

as to the elements of joyriding. This is not a case in which it was precluded from viewing "the full range of possible verdicts." (See *People* v. *Wickersham* (1982) 32 Cal.3d 307, 324 [185 Cal.Rptr. 436, 650 P.2d 311].) Once having determined guilt of receiving stolen property, further consideration of joyriding, as was requested by defense counsel, would indeed, as determined by the trial court, have been confusing and inconsistent with prior instructions.

## DISPOSITION

Judgment affirmed.

Wiener, Acting P. J., and Benke, J., concurred.